10

BANKERS TRUST COMPANY, AS TRUSTEE UNDER TRUST INDENTURE DATED DECEMBER 23, 1922, BY AND BETWEEN GEORGE MARSHALL ALLEN AND SAID BANKERS TRUST COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32459. Promulgated September 11, 1931.

*Henry Mannix, Esq., Russell D. Morrill, Esq.,* and *A. C. Newlin, Esq.,* for the petitioner.

*Harold Allen, Esq.,* for the respondent.

**12**

GOODRICH: Before considering this case upon its merits, let us dispose of two preliminary issues raised by petitioner. By amendment to its petition and by motion to dismiss petitioner challenges the jurisdiction of the Board, objecting to the misnomer in the deficiency notice and asserting that, because of his failure to address said notice to petitioner under its correct name and address, respondent has not complied with the statutory requirements in that regard. We attach no importance to this complaint. Petitioner was not misled by this misnomer. It is not alleged that the notice was not delivered to petitioner, or that its delivery was delayed, or that any of petitioner's rights have been transgressed. The name used was sufficiently similar to petitioner's correct title to put it on notice that the letter related to its pending controversy with the Treasury Department, and the body of the letter, and the descriptive words, " Trustee of George Marshall Allen Trust," established the identity of the intended recipient beyond all doubt. Moreover, from what it knew to be its deficiency notice, petitioner took a timely appeal, captioned it by its correct title, coupled with descriptive words of its own choosing, raised no issue of misnomer, and prosecuted that appeal to its conclusion. By thus accepting the deficiency notice for its own petitioner has cured any error of which it might previously have complained. Cf. *Kay Manufacturing Co.*, 18 B. T. A. 753; *Fidelity Storage Corporation*, 18 B. T. A. 517.

With respect to petitioner's assertion that section 202 (a) (2) of the Revenue Act of 1921 is unconstitutional, suffice it to point out that the constitutionality of that provision has been sustained in *Taft* v. *Bowers*, 278 U. S. 470.

This brings us to the main issue in this case. The amount received by petitioner upon liquidation of the W. A. Gaines Company is taxable as a dividend under section 201 of the Revenue Act of 1921, which dividend should be reduced by the amount of the "cost basis" of the stock of the liquidating corporation. Cf. *Eric A. Pearson*, 16 B. T. A. 1405; *Northern Trust Co., Trustee*, 20 B. T. A. 866.

Respondent has made his computation upon the theory that under section 202 (a) (2) of the Revenue Act of 1921 the cost basis of the stock to the trustee is the cost or other basis thereof in the hands of the grantor. This theory requires that the transfer of the stock by Allen to petitioner be held to be an ordinary gift *inter vivos*. Respondent relies upon the decision in *May* v. *Heiner*, 281 U. S. 238. Petitioner contends that the computation should be made upon the theory that, under section 202 (a) (3) of the same act, the cost basis of the stock to the trustee was the value thereof as of date of acquisi-

tion by the trustee, and, since that value is equivalent to the amount received in liquidation, petitioner derived no taxable income therefrom in 1922. This theory requires that the transfer be held to be intended to take effect in possession or enjoyment at or after the death of the grantor. In short, petitioner contends that the term " gift," as used in section 202 (a) (2), does not include a transfer in trust upon the terms here established; that since it acquired this stock in trust, and not by gift, it is excepted from the provisions of section 202 (a) (2) ; and that, in any event, it is so excepted by paragraph (a) (3) of the same section. The statutory provisions mentioned are set out herein in footnotes.[1]

Clearly, this transfer in trust was not a gift *inter vivos*. The trustee (petitioner) did not take the property as a present or donation, but only under a contract to assume certain duties of management in exchange for certain commissions. Nor was the transfer a present gift to the beneficiaries named in the indenture, for they, except the grantor himself, took absolutely nothing until the grantor's death, and even then would receive nothing in case their deaths occurred prior to his. The final reversionary interest was to the grantor's estate. From an examination of the House and Senate reports reflecting the legislative history of section 202, particularly as pertaining to the later enlargement of that section in the Revenue Act of 1924 (by section 204 (a) (3)) we conclude that it was not the intention of Congress that the word " gift " as used in paragraph (a) (2) should include a transfer in trust such as made in the case at bar. See Report, February 11, 1924, House Ways and Means Committee, and Report, April 10, 1924, Senate Finance Committee, both accompanying H. R. 6715. This precise question was fully considered in *Francis Francis, Guardian*, 15 B. T. A. 1332, and our conclusion herein is in accord with the opinion in that case.

---

[1] SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property ; except that—

* * * * * *

(2) In the case of such property, acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner. In the case of such property acquired by gift on or before December 31, 1920, the basis for ascertaining gain or loss from a sale or other disposition thereof shall be the fair market price or value of such property at the time of such acquisition.

(3) In the case of such property, acquired by bequest, devise, or inheritance, the basis shall be the fair market price or value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402.

In the light of the opinion of the Supreme Court of the United States in *May* v. *Heiner*, 281 U. S. 238, and the amendment to section 302 (c) of the Revenue Act of 1926 (which section corresponds to the provisions of the 1921 Act here under consideration), adopted in consequence thereof on March 3, 1931, it is apparent that section 202 (a) (3) of the 1921 Act is not applicable to this transfer in trust.

Since neither paragraph (a) (2) nor paragraph (a) (3) of section 202 of the 1921 Act is applicable to this transfer in trust, the act fails to specifically prescribe a cost basis to the trustee for the stock acquired by it as aforesaid. That being so, the cost basis to the trustee is the value of the property at the time acquired. *Francis Francis, supra; Rice* v. *Eisner*, 16 Fed. (2d) 358. That value in this case was $327,140, as set out in our findings of fact, which was exactly the amount of the liquidating dividend received. Therefore, petitioner derived no taxable income in the year 1922 from the receipt of said dividend and, having no other income, is liable for no tax. It is therefore unnecessary to determine whether petitioner may properly deduct the amount paid as acceptance commission upon the trust. The deficiency having failed, the penalty falls.

We conclude that the trust here created is not a dry or invalid trust where the legal title at once merges with the equitable so as to immediately vest complete ownership in the beneficiaries, but is a valid and continuing trust, taxable as a distinct entity under the provisions of section 219 of the Revenue Act of 1921.

*Judgment will be entered for petitioner.*