DANIEL THEW WRIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 76104, 76105. Promulgated March 10, 1936.

*Meredith M. Daubin, Esq.*, for the petitioner.
*Nathan Gammon, Esq.*, and *F. S. Gettle, Esq.*, for the respondent.

86

SEAWELL: The question is whether the deficiency notice mailed by the respondent on March 10, 1934, meets the requirements of section 272 (a) of the Revenue Act of 1928, which provides that when the Commissioner determines a deficiency in income tax he "is authorized to send notice of such deficiency to the taxpayer by registered mail." The petitioner says that such notice was sent to "Daniel Thew Wright, 915 15th Street, N. W., Washington, D. C." and can not be treated as a deficiency notice to him, in view of the fact that the address given by him in his income tax return was 917 15th Street, N. W., Washington, D. C. The contention made is devoid of any merit.

Numerous cases decided by this Board and the courts are cited by the petitioner to show that deficiency notices mailed to an incorrect address of taxpayer do not meet the requirements of the statute. All of them involved facts clearly distinguished from those here. None of them go so far as to hold that an incorrectly addressed notice actually received by the addressee is invalid.

In *Dilks* v. *Blair*, 23 Fed. (2d) 831, the notice was held to have been properly mailed even though it was improperly addressed to New York City instead of the taxpayer's correct address in Chicago, Ill.

Similar facts prevailed in *Whitmer* v. *Lucas*, 53 Fed. (2d) 1006. There the taxpayer's correct address was 200–202 South State Street, Chicago, Ill. The deficiency notice was mailed to 206 South State Street, Chicago, Ill., and was delivered by the mail carrier to the office of the National Life Insurance Co. at 200–202 South State Street, Chicago, Ill., at which address the taxpayer maintained an office. The registered letter was receipted for by an employee who for many years had received mail for the taxpayer addressed to him at the same address. In holding that the notice was valid the court said:

The statute provides only that notice shall be sent "by registered mail." It is reasonable to conclude that, even though a slight error may be made in the street address, the taxpayer is not harmed if the letter is actually and promptly delivered to his proper address. The purpose of the statute has been fully accomplished when the taxpayer is notified of the deficiency or additional assessment proposed to be made by the Commissioner.

While, under the statute, it is not necessary to prove the delivery of such notice, yet in the instant case the evidence is uncontradicted that the appellant was not only "notified of such deficiency by registered mail," but that such notice was actually delivered to his proper address. * * *

To the same effect is *Kay Manufacturing Co.*, 18 B. T. A. 753; affd., 53 Fed. (2d) 1083.

While the respondent did not direct the deficiency notice to the address shown in the petitioner's return, it fully satisfied the requirements of the statute. It bore another address of the same building, which office building the petitioner recognizes on his letterheads as being his address.

The petitioner is in no position to deny the receipt of the deficiency notice. It was actually received in his office by an employee duly authorized to take delivery of his mail. Receipt by the servant was, under the circumstances, receipt by the master. *United States* v. *Sander*, 27 Fed. Cases 949; *United States* v. *Driscoll*, 25 Fed. Cases 914. Thus the petitioner was duly notified of the deficiency even though his employee did return the letter to the sender because of the slight but immaterial discrepancy in the address.

The letter mailed by the respondent to Daniel Thew Wright, 915 15th Street, N. W., Washington, D. C., on March 10, 1934, is held to be a deficiency notice mailed to the petitioner pursuant to the provisions of section 272 (a) of the Revenue Act of 1928. Accordingly, the motion to dismiss for lack of jurisdiction is denied, and the cases will be placed upon the general calendar for hearing on the merits as one proceeding.