FLOYD R. CLODFELTER AND ENNA L. CLODFELTER, HUSBAND AND WIFE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1553–69.   Filed October 18, 1971.

*Warren V. Clodfelter* and *Richard F. Kroetch*, for the petitioners.
*Norman H. McNeil* for the respondent.

FEATHERSTON, *Judge:* Respondent determined deficiencies in petitioners' income tax for 1960 through 1964 in the total amount of $593,601.50, together with additions to the tax for each year under section 6653(a)[1] in the total amount of $29,680.06. Petitioners have filed a motion to dismiss the petition, contending that this Court lacks jurisdiction. The question presented for decision is whether the notice of deficiency was mailed to petitioners' "last known address" within the meaning of section 6212(b).

### FINDINGS OF FACT

At the time the petition was filed, Floyd R. Clodfelter (sometimes hereinafter referred to as Floyd) and Enna L. Clodfelter, husband and wife, were legal residents of Long Beach, Calif. They filed their joint income tax returns for 1960 through 1964 with the district director of internal revenue, Tacoma, Wash.

In their income tax returns for each of those years, petitioners' address was shown as 7326 Bolwyn Place, Seattle, Wash., where they resided from 1953 until September of 1966, when they moved to 6401 Wilson Avenue, Seattle, Wash. They remained at this latter address for about 2 years, and in August 1968 they moved to Long Beach, Calif.

Prior to their move to California, petitioners' income tax return for 1957 had been examined. A deficiency had been determined, and a petition for redetermination had been filed. This Court had entered its decision (*Floyd R. Clodfelter*, 48 T.C. 694 (1967)), and an appeal had been taken to the Court of Appeals for the Ninth Circuit. During the course of this litigation with respect to 1957, the Internal Revenue Service (hereinafter IRS) was making an examination of petitioners' returns for 1960 through 1964. Petitioners, particularly Floyd, were in contact with the personnel of the IRS Audit and Collection Divi-

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.

sions of the Seattle District Office in connection with their 1957 as well as their 1960–64 income tax liabilities. In all of these matters, petitioners were represented by Warren V. Clodfelter (hereinafter Warren), attorney for the petitioners in the present proceeding.

The IRS Collection Division file on petitioners' 1957 liability as determined by this Court was assigned to Revenue Officer Henry J. Huber (hereinafter Huber) of the IRS Seattle office on June 10, 1968. Subsequently, on June 14, 1968, he caused a tax lien to be filed with respect to petitioners' liability. Thereafter he talked by telephone with Floyd and on several occasions conferred with Warren on the 1957 liability. On August 6, 1968, Huber attempted to talk by telephone with Floyd but was told that his telephone had been disconnected. He then tried to call Warren at his law office in Seattle and was told that Warren was away. However, he talked with him the next day, August 7, 1968. Warren informed Huber that petitioners had moved and that their new home address was 3020 Beverly Plaza, Long Beach, Calif. Warren also gave Huber a business telephone number where Floyd could be reached in Los Angeles, Calif. Huber entered this new address and telephone number in his file on petitioners' 1957 case.

The address Warren conveyed to Huber was incorrect, in that there is no 3020 Beverly Plaza in Long Beach. Beverly Plaza is a street only two blocks in length, and the Park Plaza Apartment buildings, numbered 2000 to 2080 Beverly Plaza, are located on both sides of the street in the two-block area. The apartments are serviced by one manager and one postman who delivers mail to a bank of mailboxes located at the entryway of each apartment building. Petitioners' correct street address was 2050 Beverly Plaza.

In August 1968, Revenue Agent Raymond T. Morris (hereinafter Morris), to whom petitioners' 1960–64 income tax case was assigned in the IRS Audit Division office in Seattle, became concerned that the statute of limitations, previously extended by waivers which were scheduled to expire on December 31, 1968, would run unless further extensions were obtained. In mid-August 1968, Morris asked Huber if he had secured a new address for petitioners, and Huber provided Morris with the address and business telephone number furnished to him by Warren. Later, on September 4, 1968, Revenue Officer James P. George of the Long Beach office of the IRS informed Huber that petitioners' correct street address was 2050 Beverly Plaza rather than 3020 Beverly Plaza, but Huber did not relay that information to Morris.

In October 1968, Warren addressed personal correspondence to Floyd in Long Beach at "3020 Beverly Plaza," and it was received.

On November 22, 1968, the Seattle IRS Audit Division forwarded to petitioners a series of waiver forms which, if signed by petitioners and filed with, and approved by, the IRS, would have extended the statute of limitations for 1960 through 1964 to December 31, 1969. The letter transmitting the waiver forms was mailed to the street address of 3020 Beverly Plaza in Long Beach and was received by petitioners. Petitioners executed the waiver forms, which on their face showed petitioners' street address as 3020 Beverly Plaza, and returned them to Warren for such disposition as he saw fit. After Morris had mailed the forms to Floyd, he telephoned Floyd to inquire about the waivers and was advised that they had been received, signed, and sent to Warren. Floyd also advised Morris that, during the Christmas holidays, petitioners could be reached in Seattle in care of their daughter but did not inform Huber that any error had been made in the street address in mailing or preparing the forms.

Petitioners planned to spend the Christmas holiday season in Seattle. They departed Long Beach for Seattle on December 25, 1968. At that time, they asked the post office to hold their mail for them until they returned and called for it.

On December 27, 1968, the executed waivers had not been received by the Seattle Audit Division, and it mailed a letter to petitioners in Seattle in care of their daughter, advising them that the waivers must be received by December 30, 1968, or a statutory notice would be mailed. The correspondence was received by petitioners, but the waivers were not filed.

On December 31, 1968, the notice of deficiency was mailed to petitioners, addressed to 3020 Beverly Plaza, Long Beach, Calif. 90815. On January 2, 1969, it arrived at the Bryant substation in Long Beach, and the postman left a notice of registered mail at petitioners' Park Plaza apartment. On January 9, 1969, the day petitioners returned from their vacation in Seattle, petitioner Enna L. Clodfelter went to the Bryant Post Office substation and received respondent's statutory notice along with other mail. The statutory notice was forwarded to Warren in Seattle on January 10, 1969, and a timely petition for redetermination was filed with this Court. The street address error in mailing the notice of deficiency caused no delay in its receipt by petitioners.

## OPINION

Section 6212(a) provides that when the Secretary or his delegate determines there is a deficiency in income tax he is authorized to send notice of such deficiency by certified or registered mail. Section 6212 (b) (1) provides further that a notice of deficiency in respect to an income tax shall be sufficient "if mailed to the taxpayer at his last

known address." [2] If the notice is not so mailed, it is not, as a general rule, a valid notice of deficiency. *DeWelles* v. *United States*, 378 F. 2d 37, 39 (C.A. 9, 1967); *John W. Heaberlin*, 34 T.C. 58 (1960), acq. 1960–2 C.B. 5.

Petitioners do not take a forthright position as to which address the notice of deficiency should have been mailed. Rather they attack the notice of deficiency on two grounds. First, they contend that they did not formally notify the respondent of a change of address from Seattle to Long Beach, and, therefore, the notice sent to Long Beach was not sent to the "last known address." In support of their contention, petitioners point out that the revenue agent in the audit division, Morris, who was responsible for sending the notice of deficiency, did not obtain the 3020 Beverly Plaza address from them, but rather secured it from an officer in the collection division who, in turn, had obtained the address from Floyd's attorney, Warren, who is also his brother. They also emphasize that the record does not show that Warren held a power of attorney from petitioners. Relying upon *Harvey L. McCormick*, 55 T.C. 138 (1970), petitioners argue that, unless the taxpayer personally has informed the audit agent of his change of address, an agent mailing a notice of deficiency may not properly use a new address obtained from a collection officer; if he does, the argument goes, that address does not constitute petitioners' "last known address" for the purposes of section 6212(b)(1).

Petitioners' argument is faulty for several reasons. In *Harvey L. McCormick, supra*, the address used by the audit division in mailing a notice of deficiency was the address given on the taxpayer's income tax return for the year under audit. The taxpayer had informed a collection officer, who was handling a collection matter for a different year, of a temporary change of address, but did not so inform the audit division. This Court held that since the taxpayer had not informed the respondent of a permanent change of address, the address shown on the tax return was the proper one to use. Clearly petitioners' reliance upon *McCormick* for the proposition that an agent may not use an address which he does receive from the taxpayer in the form of an official change of address is misplaced.

---

[2] The applicable provisions are as follows:

SEC. 6212. NOTICE OF DEFICIENCY.

  (a) IN GENERAL.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax * * *, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

  (b) ADDRESS FOR NOTICE OF DEFICIENCY.—

    (1) INCOME AND GIFT TAXES.—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax * * *, if mailed to the taxpayer at his last known address, shall be sufficient * * * even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

Petitioners' argument ignores the purposes underlying section 6212 (b) (1) and related provisions—to prescribe a procedure which will ordinarily result in the taxpayer's receipt of the notice of deficiency. *Cohen* v. *United States*, 297 F. 2d 760, 772 (C.A. 9, 1962), certiorari denied 369 U.S. 865 (1962) ; *Luhring* v. *Glotzbach*, 304 F. 2d 556, 558 (C.A. 4, 1962). The objective of the notice and related procedure is "to inform the taxpayer that the Commissioner means to assess additional taxes against him, and to provide time for the taxpayer to petition this Court for a redetermination if he is so advised." *Ben Perlmutter*, 44 T.C. 382, 400 (1965), affd. 373 F. 2d 45 (C.A. 10, 1967). One purpose of permitting the use of the taxpayer's last-known address is to allow the IRS, in mailing a notice of deficiency, to use the address on the tax return, even though it is erroneous, where the IRS has not been informed of the correct address. *Gregory* v. *United States*, 57 F. Supp. 962 (Ct. Cl. 1944), certiorari denied 326 U.S. 747 (1945). However, to hold that the "last known address" provision of section 6212(b) (1) prevents the use of a new address obtained from a reliable source, such as a taxpayer's brother or his attorney, and used in prior correspondence would be inconsistent with its express language as well as its intent and purpose.

Thus, it has been held that when the "Commissioner or one of his agents * * * [learns] that the taxpayer has changed his address, or * * * [is] so advised by the taxpayer * * * he must use the new address." *Cohen* v. *United States, supra* at 773; see also *DeWelles* v. *United States, supra* at 40; *Luhring* v. *Glotzbach, supra*. In *DeWelles* v. *United States*, information on a change of address, acquired by a revenue agent in a conversation with the taxpayer, was held (p. 39) "sufficient to put the Government on notice and to require it to use the new address in sending the notice of deficiency." In *Luhring* v. *Glotzbach*, the revenue agent sought to locate the taxpayer, learned he had moved, and obtained a new address from the local postmaster; a notice mailed to that address was sufficient, even though the taxpayer had moved again in the meantime. In *Welch* v. *Schweitzer*, 106 F. 2d 885 (C.A. 9, 1939), a notice sent to the address shown on the income tax return was held not to have been properly addressed where it was shown that the examining revenue agents had reported to the local internal revenue agent in charge a new address, obtained through the audit of returns for an earlier year. See also *Williams* v. *United States*, 264 F. 2d 227 (C.A. 6, 1959).

Petitioners' second ground for attacking the notice of deficiency is that their address was not 3020 Beverly Plaza but was 2050 Beverly Plaza. Advocating a wooden, literal reading of section 6212(b) (1),

they contend that this discrepancy is sufficient to support a finding that no proper notice of deficiency was sent to petitioners.

To buttress this argument, petitioners cite *John W. Heaberlin, supra;* however, it is inapposite. In that case, a timely petition was not filed, and this Court concluded that the error in addressing the notice of deficiency was not a harmless one. In the present case, a timely petition was filed, "and obviously the taxpayer * * * suffered no damage and lost no right as a result of the error in the address." *John W. Heaberlin, supra* at 59. We believe reliance on the technical allegation in the petition that petitioners were not given proper notice of the deficiency misconceives the intent and purpose of section 6212(b)(1).

We think respondent has shown that the notice of deficiency was mailed to petitioners at their last-known address within the meaning of section 6212(b)(1). The 3020 Beverly Plaza address, though an incorrect street number, was given to the IRS personnel by petitioners' attorney, and, in fact, the attorney used that address in communicating with petitioners. The Seattle office of the IRS had used that address in mailing the proposed waivers on November 22, 1968, and Floyd confirmed receipt of that communication in a subsequent telephone conversation held before the notice was mailed. Furthermore, the notice of deficiency, mailed to that address, was actually received by petitioners without any delay. Indeed, the notice was promptly delivered and was received on January 9, 1969, along with all other mail accumulated for petitioners during the Christmas holidays, thus enabling petitioners to file a timely petition in this Court. Petitioners were not prejudiced in any way by the error. In the final analysis, the facts of this case are not distinguishable in principle from those cases which have held that inconsequential errors in addressing a notice of deficiency do not destroy its validity. See, e.g., *Clement Brzezinski,* 23 T.C. 192 (1954) ; *Daniel Thew Wright,* 34 B.T.A. 84 (1936), affirmed per curiam 101 F. 2d 309 (C.A. 4, 1939) ; *Kay Manufacturing Co.,* 18 B.T.A. 753 (1930), affirmed per curiam 53 F. 2d 1083 (C.A. 2, 1931) ; cf. *Boren* v. *Riddell,* 241 F. 2d 670 (C.A. 9, 1957) ; *Bankers Trust Co., Trustee,* 24 B.T.A. 10 (1931).

> *An appropriate order denying petitioners' motion to dismiss for lack of jurisdiction will be entered.*