CHARLES D. BREMSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bremson v. Commissioner
Docket No. 351-80
United States Tax Court
T.C. Memo 1981-114; 1981 Tax Ct. Memo LEXIS 629; 41 T.C.M. (CCH) 1084; T.C.M. (RIA) 81114; March 11, 1981. Robert W. Boland, Jr., for the petitioner. Larry K. Akins, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This matter came before the Court on petitioner's motion to dismiss for lack of jurisdiction on the grounds that the statutory notice of deficiency was not mailed to petitioner at his last known address. The parties stipulated all of the facts relative to the motion to dismiss. The stipulation of facts, supplemental stipulation of facts and exhibits are incorporated by this reference. The Commissioner, on May 17, 1978, pursuant to section 6851, [1] Internal Revenue Code of 1954, terminated petitioner's taxable year which commenced on January 1, 1978, and assessed against petitioner a liability in the amount of $ 339,945. *630 During September 1978, petitioner married Susan Bockelman. On January 4, 1979, petitioner surrendered for incarceration at the Federal penitentiary at Lompoc, California, and his wife moved to petitioner's residence at 168 San Milano, Goleta, California, which is approximately 20 miles from Lompoc prison. On April 6, 1979, petitioner filed a request for an automatic two-month extension of time for filing his Federal income tax return for the taxable year 1978 and on June 15, 1979, petitioner's attorney filed a request to further extend the time for filing to August 15, 1979, which was granted. Petitioner mailed his Federal income tax return for the taxable year 1978 to the Internal Revenue Service Center, Fresno, California, on August 15, 1979, reflecting his home address as 168 San Milano, Goleta, California. Revenue Agent Carter, whose post of duty was Kansas City, Missouri, was assigned to examine petitioner's income tax returns. He was involved in the termination assessment made against petitioner and was aware of petitioner's incarceration at Lompoc. Pursuant to the request of Agent Carter, petitioner's attorney submitted to Agent Carter a Power of Attorney (Form *631 2848) which reflected petitioner's address as P.O. Box 2000, Lompoc, California 93438. Agent Carter received the power of attorney on September 4, 1979. A Mr. Elbert was employed in the office of the District Director of Internal Revenue at St. Louis, Missouri, in 1979. His duties included issuance of statutory notices of deficiency. On October 11, 1979, at 3:50 p.m. he received a photocopy of petitioner's income tax return for the taxable year 1978 from the service center in Fresno. Mr. Elbert concluded that a statutory notice of deficiency must be mailed covering petitioner's income tax liability for the taxable year 1978 by October 15, 1979. Mr. Elbert caused to be prepared a statutory notice of deficiency covering petitioner's 1978 taxable year which was mailed on October 12, 1979, and addressed to petitioner at 168 San Milano, Goleta, California, the address shown on petitioner's 1978 income tax return. On the same date Mr. Elbert contacted Agent Carter and requested all of the workpapers relating to petitioner's 1978 return which Agent Carter forwarded to him on that date, together with the power of attorney form received by Agent Carter on September 4, 1979. In their *632 telephone conversation on October 12, 1979, Mr. Elbert and Agent Carter did not discuss the power of attorney form. At the time the statutory notice of deficiency was prepared, Mr. Elbert had only the photocopy of petitioner's income tax return for 1978 and a copy of the notice of termination assessment. On October 18, 1979, Mr. Elbert received from Agent Carter the workpapers and power of attorney form. On the date that the statutory notice of deficiency was mailed to petitioner (October 12, 1979) petitioner was incarcerated at Lompoc prison and his wife was residing at 168 San Milano, Goleta, California (the address reflected on petitioner's income tax return for 1978 and the mailing address of the statutory notice of deficiency). During the week of October 15-19, 1979, petitioner's wife received the statutory notice of deficiency at the address shown thereon and delivered it to petitioner at the prison on October 21, 1979. Petitioner instructed his attorneys to file a petition with this Court in response to the statutory notice of deficiency which was mailed to the Court by petitioner's attorney on January 2, 1980. Petitioner, on September 15, 1980, filed a motion *633 to dismiss for lack of jurisdiction on the grounds that the statutory notice of deficiency mailed to petitioner on October 12, 1979, was not mailed to petitioner at his last known address. The motion was set down for hearing at Kansas City, Missouri, on November 17, 1980, at which time the parties filed a stipulation of facts, supplemental stipulation of facts and accompanying exhibits and the Court set a due date for the parties to file memoranda of law which were timely filed. It is respondent's position that even if the statutory notice were mailed to an address which was not petitioner's "last known address" as required by section 6212(b), it was, nevertheless, valid because petitioner timely filed his petition with this Court, thereby suffering no damage. Respondent relies upon Goodman v. Commissioner,71 T.C. 974 (1979); Zaun v. Commissioner,62 T.C. 278 (1974); and Clodfelter v. Commissioner,57 T.C. 102 (1971), affd. 527 F.2d 754 (9th Cir. 1975). The cases relied upon by respondent support his position and the facts of the instant case are indistinguishable from the facts of those cases. We have carefully *634 considered the arguments made by petitioner in his memorandum brief. Because those arguments cannot overcome the position of respondent supported by the cases cited above, no useful purpose would be served by pointing out why the cases cited by petitioner are distinguishable. Accordingly, petitioner's motion to dismiss must be denied. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩