WILLIAM ROTH and MARGARET ROTH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roth v. Commissioner
Docket No. 17231-79.
United States Tax Court
T.C. Memo 1981-272; 1981 Tax Ct. Memo LEXIS 469; 42 T.C.M. (CCH) 5; T.C.M. (RIA) 81272; June 1, 1981. Robert K. Dowd, for the petitioners. Rebecca W. Wolfe, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: This case is before us on petitioners' motion to dismiss for lack of jurisdiction. Petitioners assert that the deficiency notice which respondent issued was not valid. FINDINGS OF FACT At the time the petition in this case was filed, petitioners resided in Dallas, Texas. Petitioners *470 filed their 1974 Federal income tax return with the District Director, Internal Revenue Service, Dallas, Texas, on December 11, 1975. The address indicated on petitioners' joint income tax return for 1974 was 7134 E. Mockingbird Lane, Dallas, Texas. On June 27, 1977, in a power of attorney presented to respondent, petitioners indicated a change of address to 6047 Churchill Way, Dallas, Texas 75230. That address was used by respondent in preparing two Forms 872, Consents Fixing Period of Limitation Upon Assessment of Tax, executed on October 19, 1978 and March 12, 1979, respectively. The latter consent extended the statute of limitations provided for in section 6501(a) [1] to December 31, 1979. During 1976 and 1977, respondent audited petitioners' Federal income tax return for the taxable year 1974. In 1977, petitioners hired the law firm of Kasmir, Willingham and Krage located at 2300 Main Tower, Dallas, Texas, to represent them before the Internal Revenue Service, both with respect to their employment tax and *471 income tax returns. Petitioners executed powers of attorney to Cyril D. Kasmir, c/o the firm Kasmir, Willingham and Krage, 2300 Main Tower, Dallas, Texas. On December 13, 1977, petitioners executed a power of attorney to Joel Wilkinson, 2300 Main Tower, Dallas, Texas 75202. The power appoints Wilkinson as attorney-in-fact to represent the petitioners before the Internal Revenue Service for matters dealing with petitioners' individual income taxes for 1974, 1975, 1976 and 1977. This power instructs that all notices or other written communications addressed to the petitioners involving their income taxes for 1974, 1975, 1976 or 1977 should be addressed to Cyril Kasmir or Joel Wilkinson; it also stated that all earlier powers of attorney on file with the same Internal Revenue Service office for the same matters or years covered by the power were revoked. Space was provided on the form to name any earlier powers of attorney which were not revoked by the execution of the power of attorney, but none were named. The power of attorney naming Wilkinson as attorney for petitioners was not revoked by a subsequent power of attorney or any other written document prior to the issuance of *472 the notice of deficiency. From September 12, 1978, respondent was represented by Internal Revenue Service Appeals Officer Jackie D. Mayfield. Mayfield and Wilkinson negotiated the execution of Forms 872, Consents Fixing Periods of Limitation Upon Assessment of Tax. Mayfield's name is on both executed Forms 872 as the authorized agent of the Internal Revenue Service. During the period from December 12, 1978, through May 14, 1979, Mayfield and Wilkinson were in contact several times, either in person or by telephone, concerning petitioners' income tax liability. Sometime prior to May 14, 1979, Joel Wilkinson left the firm of Kasmir, Willingham and Krage; he moved to an office located at 10830 North Central Expressway, Suite 365, Dallas, Texas. On May 14, 1979, Mayfield tried to contact Wilkinson at Kasmir, Willingham and Krage, but was told that Wilkinson was no longer with the firm. After obtaining his new telephone number Mayfield then contacted Wilkinson. Wilkinson told Mayfield that he was no longer with Kasmir, Willingham and Krage and did not know whether he still represented the petitioners. Wilkinson then said he would try to contact the petitioners. Later, on *473 that same date, Wilkinson telephoned Mayfield and told him that he had talked with the petitioners and he still represented them. Wilkinson told Mayfield that there was an additional problem concerning records which Kasmir, Willingham and Krage would not release because of some $ 2,000.00 petitioners owed the firm. Wilkinson stated he believed the law firm would have to release the records when the case was docketed and litigation began. Sometime prior to September 27, 1979, respondent orally contacted Wilkinson and obtained his address as 10830 North Central Expressway, Suite 365, Dallas, Texas 75231. On September 27, 1979, an undated notice of deficiency for income taxes for 1974 was sent by certified mail to William E. Roth and Margaret Roth, c/o Joel W. Wilkinson, 10830 North Central Expressway, Suite 365, Dallas, Texas 75231. On September 28, 1979, the undated statutory notice of deficiency addressed to William E. Roth and Margaret Roth, c/o Joel Wilkinson, 10830 North Central Expressway, Suite 365, Dallas, Texas 75231, was received in Wilkinson's office. Wilkinson mailed to the petitioners a letter dated December 7, 1979, which stated that a copy of the notice of *474 deficiency was enclosed. The letter stated that a definite deadline of 90 days from the mailing of the notice of deficiency existed for filing with the Tax Court and that a response should be made by December 15 through 20 to be assured of enough time for delivery. In that letter Wilkinson also indicated that he had not been retained by petitioners to represent them in this matter; and that the law firm of Kasmir, Willingham and Krage had previously represented them and had all of their files. Shortly thereafter, petitioners received this letter from Wilkinson. Sometime prior to December 12, 1979, counsel for the petitioners, Robert Dowd, talked with Wilkinson concerning the issuance of a notice of deficiency to the petitioners. On December 12, 1979, Dowd mailed a letter to the Tax Court. The letter stated that Dowd's law firm had been retained to represent petitioners in the instant case. The letter also stated that Dowd understood that a notice of deficiency "could have been issued" for the year 1974. Dowd's letter requested that if a valid notice of deficiency had been issued, his letter should be construed as a formal protest contesting any redetermination of the tax *475 liability made by the respondent for the taxable year 1974. This letter was filed by the Court as a petition on December 17, 1979, within 90 days from the mailing of the notice of deficiency. On February 19, 1980, petitioners filed a Motion to Dismiss for Lack of Jurisdiction with the United States Tax Court in which allegations were made concerning the circumstances surrounding the issuance of a notice of deficiency to the petitioners, the hiring of petitioners' present counsel, and the writing of the letter which was filed as a petition by the Tax Court. Attached to the motion was a copy of the undated notice of deficiency mailed to the petitioners c/o Joel Wilkinson, 10830 North Central Expressway, Suite 365, Dallas, Texas 75231, on September 27, 1979. Petitioner William Roth never considered Wilkinson to be his attorney. Any communications he received from Wilkinson after April 1, 1979, Roth considered a form of solicitation. OPINION Petitioners argue that the deficiency notice which respondent mailed in the instant case is invalid because it was undated and also because it was not mailed to petitioners' "last known address" within the meaning of section 6212(b). *476 Petitioners' motion to dismiss for want of jurisdiction must be denied. Regardless of all the factual controversies concerning the extent and duration of Wilkinson's legal representation of petitioners in connection with the underlying tax dispute herein, the fact remains that the Dowd letter dated December 12, 1979, was treated and filed as a petition by the Clerk of this Court within the prescribed 90-day period. See Rules 13(c) and 20(a), Tax Court Rules of Practice and Procedure. In such a case, the purpose of the deficiency notice, namely, to notify the taxpayer of the Commissioner's determination and to provide him with a prepayment forum (the United States Tax Court) for contesting the determination, has been met. See, e.g., Clodfelter v. Commissioner, 57 T.C. 102 (1971) affd. 527 F.2d 754 (9th Cir. 1975). Even though we consider it doubtful that respondent erred in mailing the instant notice to Wilkinson, a lengthy analysis as to that factual issue is not required. Furthermore, since the date of mailing the deficiency notice, and thus commencement of the 90-day period under section 6213, has been established, it is immaterial that the deficiency *477 notice itself is undated. The petitioners filed a petition in this case within the 90-day period provided under section 6213, and their motion to dismiss is accordingly denied. Clodfelter v. Commissioner, 527 F.2d 754 (9th Cir. 1975) affg. 57 T.C. 102 (1971); Goodman v. Commissioner, 71 T.C. 974 (1979). An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise specifically indicated.↩