T.C. Memo. 1996-180


UNITED STATES TAX COURT


KIM L. VELINSKY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5469-94.                     Filed April 15, 1996.


<u>Bradford E. Henschel</u>, for petitioner.

<u>Mark A. Weiner</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SCOTT, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal income taxes for the calendar year 1990 in the amount of $14,432, and an accuracy-related penalty under section 6662[1] in the amount of $2,886.

_____

[1] All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to
(continued...)

Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for decision: (1) Whether this Court has jurisdiction over this case based on the notice of deficiency mailed to petitioner with one digit of the street address missing; (2) whether petitioner is entitled to relief under section 6013(e) as an innocent spouse and, if so, to what extent; (3) whether petitioner is entitled to deductions in excess of the amounts allowed by respondent for expenses incurred by her late husband in connection with his business; and (4) whether petitioner is liable for the accuracy-related penalty as determined by respondent pursuant to section 6662(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Petitioner was a legal resident of Los Angeles, California, at the time of the filing of the petition in this case. Petitioner filed a joint Federal income tax return with her late husband, Mr. Richard Velinsky (Mr. Velinsky), for the taxable year 1990.

On a Schedule C attached to petitioner's 1990 joint return are reported income and expenses of Mr. Velinsky's entertainment and band management business (the Schedule C). Mr. Velinsky operated this business as the sole proprietor. Mr. Velinsky died

---

[1](...continued)
the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

on October 1, 1993.  The Schedule C reported the following:

|                    |          |
| ------------------ | -------- |
| Gross receipts     | $71,509  |
| Cost of goods sold | 58,430   |
| Gross income       | 13,079   |
| Total expenses     | 31,850   |
| Net loss           | (18,771) |

Mr. Stephen Paquette (Mr. Paquette) prepared the Velinsky's 1990 joint Federal income tax return.  In preparing this return, Mr. Paquette relied primarily upon information furnished to him by Mr. Velinsky.  However, Mr. Paquette did examine some of the supporting receipts for the claimed Schedule C expenses to satisfy himself that the claimed expenses were not personal but had a business purpose.

Mr. Velinsky represented to Mr. Paquette that he had an office in his rental home that was used exclusively for business purposes (the home office).  Mr. Velinsky and petitioner claimed a $4,800 deduction on the Schedule C for rent and other business expenses relating to the home office.

Mr. Velinsky and petitioner also claimed a deduction for $2,471 in utility expenses with respect to the home office and for specific use of the telephone.  The home office was not used exclusively for business.  Petitioner and Mr. Velinsky claimed a Schedule C deduction for $6,798 for meals and entertainment of clients during 1990.

Mr. Velinsky told Mr. Paquette that he used his automobile to travel from his home office to meet with his clients, and that

he drove a total of 38,146 miles for business purposes in 1990. In 1990, Mr. Velinsky made 3 automobile trips to Phoenix; 2 trips to San Francisco; 2 trips to Las Vegas; and 1 trip to Denver in connection with his business. All these trips were from Los Angeles.

Respondent in her notice of deficiency to petitioner dated January 7, 1994, disallowed $28,886 of the $31,850 of petitioner's claimed business expenses. The disallowed items were the following:

| Expense | Amount |
| --- | --- |
| Car and truck | $9,569 |
| Depreciation | 1,293 |
| Interest--other | 1,333 |
| Legal/professional services | 1,200 |
| Rent--other business property | 4,800 |
| Travel | 2,105 |
| Meals & entertainment | 5,426 |
| Utilities | 2,471 |
| Admissions | 689 |

The $2,964 in total expenses not disallowed was the following:

| Expense | Amount |
| --- | --- |
| Meals & entertainment | $12 |
| Office expenses | 397 |
| Cleaning | 151 |
| Dues and publications | 680 |
| Parking | 212 |
| Postage | 545 |
| Printing | 642 |
| Seminars | 325 |

Respondent's notice of deficiency disallowed $30,773 of the $58,430 of claimed cost of goods sold. Most of the $27,657 allowed by respondent as cost of goods sold was amounts Mr. Velinsky expended in connection with the production of a music video (the video) made for a band called "The Replacements". Respondent now concedes that, in addition to the cost of goods sold items allowed in the notice of deficiency, petitioner is entitled to an additional $149.45 for photography expenses. Respondent also concedes that petitioner has satisfied all elements of section 6013(e), except the provision of section 6013(e)(1)(B) that the understatement of tax is attributable to grossly erroneous items. Respondent's notice of deficiency to petitioner was addressed to petitioner at 340 Centinela #A, Los Angeles, California 90066. Petitioner filed a timely petition on April 1, 1994, alleging error in respondent's determination as set forth in this notice of deficiency.

## OPINION

Petitioner contends that since the notice of deficiency dated January 7, 1994, was mailed to 340 Centinela #A, rather than to 3402 Centinela Avenue, the jurisdictional requirements of section 6212 have not been met. The address on petitioner's 1990 Federal income tax return is 1385 Vienna Way, Venice, California. However, based on an exhibit in evidence with respect to the year 1990, petitioner stated that the proper address for the notice of

deficiency was 3402 Centinela Avenue, Los Angeles, California 90066.

Section 6501(a) provides that the amount of any deficiency in income tax shall be assessed within 3 years after the return is filed. Section 6503(a) provides, however, that the running of the 3-year period of limitations is suspended by the mailing of a notice of deficiency. Section 6212[2] authorizes the Secretary or

---

[2] SEC. 6212. NOTICE OF DEFICIENCY.

(a) In General.--If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) Address for Notice of Deficiency.--

(1) Income and gift taxes and certain excise taxes.--In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, chapter 43, or chapter 44 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

(2) Joint income tax return.--In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

(continued...)

his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency to the taxpayer by certified or registered mail. Section 6212(b)(1) provides that a notice of deficiency in respect to income tax is sufficient if it is mailed to the taxpayer's last known address. Therefore, the notice of deficiency is valid whether or not received, if it is mailed by certified mail to a taxpayer's last known address. However, if a notice of deficiency is actually received by a taxpayer in sufficient time to permit the taxpayer, without prejudice, to file a petition in this Court, it is valid even if not sent to the taxpayer's last known address. Clodfelter v. Commissioner, 527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971). Since petitioner filed her petition within 90 days after the mailing of the notice of deficiency, we have jurisdiction in this case. Therefore, it is unnecessary to discuss whether in light of the minor error which petitioner claims was in the address on the notice of deficiency, it might under other circumstances have been considered not to have been mailed to petitioner's last known address.

When a husband and wife file a joint income tax return for a year, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."

---

[2](...continued)

       *      *      *      *      *      *      *

Sec. 6013(d)(3). Under section 6013(e),[3] if certain requirements are met for a year, a spouse may be relieved of all or a portion of the joint liability for that year. The burden is on petitioner to show that she has satisfied each statutory prerequisite of section 6013(e)(1).

Respondent has conceded that petitioner meets all of the criteria required for relief from tax as an innocent spouse, except that the substantial understatement of tax is attributable to grossly erroneous items of one spouse. Grossly erroneous

---

[3] Sec. 6013(e) provides, in part:

(1) In General.--Under regulations prescribed by the Secretary, if--

(A) a joint return has been made under this section for a taxable year,

(B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,

(C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and

(D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.

items are defined as "any item of gross income attributable to such spouse which is omitted from gross income", and "any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law."  Sec. 6013(e)(2).

Petitioner and respondent disagree as to how the grossly erroneous items should be characterized.  Petitioner contends that all items should be considered as omissions from gross income since some of the items disallowed by respondent were items claimed as cost of goods sold, the disallowance of which increased the gross income reported on the return.  Respondent argues that all the items disallowed are properly characterized as deductions.

Petitioner and Mr. Velinsky reported $31,850 as expenses on the 1990 Schedule C, which included such items as car and truck expenses, depreciation, and miscellaneous expenses such as postage, printing, and cleaning expenses.  Petitioner and Mr. Velinsky also reported $58,430 as cost of goods sold on the Schedule C, and subtracted this amount from gross receipts to arrive at gross income.  Respondent has allowed a "cost of goods sold deduction" in the amount of $27,657.  The amounts that respondent allowed all related to the production of the video. These amounts included video production expenses, miscellaneous supplies for lumber, paint, brushes, and set design, and other miscellaneous supplies for the music video, including film, film development, rent, and studio time.  Respondent did not allow the

remainder of the claimed cost of goods sold primarily because of lack of substantiation. The record shows that some items which were not allowed were amounts expended in 1991 rather than 1990. There is an indication in the record that most of the other disallowed items were claimed to be related to production of the video.

Petitioner contends that the holding of Lawson v. Commissioner, T.C. Memo. 1994-286, is applicable to this case. In Lawson v. Commissioner, supra, we held that the overstatement of cost of goods sold created an omission from gross income. Similarly, in LaBelle v. Commissioner, T.C. Memo. 1986-602, we held that there was an omission from gross income where there was an overstatement of the cost of goods sold.

As we explained in Lawson v. Commissioner, supra, cost of goods sold is taken into account in computing gross income and is not an item of deduction. See also Metra Chem. Corp. v. Commissioner, 88 T.C. 654, 661 (1987).

The basis of our holding that the disallowance of items claimed as cost of goods sold results in an omission from gross income is that since the origin of the income tax cost of goods sold has been taken into account in computing business gross income and is not an item of deduction. See the discussion in LaBelle v. Commissioner, supra, in which we pointed out that section 6013(e), prior to its amendment by the Tax Reform Act of 1984, contained a special definition of gross income that

required that we not treat an overstatement of cost of goods sold as resulting in an omission from gross income.  After the amendment, the normal definition of gross income applied, and, therefore, an overstatement of cost of goods sold resulted in an omission from gross income.  In the recent case of Lilly v. Internal Revenue Service, 76 F.3d 568 (4th Cir. 1996), the Court of Appeals for the Fourth Circuit adopted the conclusions and reasoning of our cases in holding that an overstatement of cost of goods sold results in an omission of gross income.

We conclude that in this case the overstatement of cost of goods sold results in an omission from gross income.  Therefore, the amount of the understatement of gross income resulting from the overstatement of cost of goods sold in this case is a grossly erroneous item, and petitioner is entitled to innocent spouse relief with respect to the tax resulting from this understatement of gross income.

Respondent argues that there was a mischaracterization of items as cost of goods sold on petitioner's return.  Respondent states that the items claimed as cost of goods sold should be properly classified as deductions and, as such, should be treated as deductions subject to the requirements of section 6013(e)(2)(B).  We find no legal or factual support for respondent's argument.  First, it is unclear from the record to what extent the items not allowed as cost of goods sold, if they had been substantiated, should be properly characterized as

deductions.  In the notice of deficiency, respondent allowed

$27,657 of claimed cost of goods sold of petitioner's business as

cost of goods sold, which indicates that respondent considered at

least a portion of petitioner's claimed cost of goods sold to be

properly claimed.  The indication from the record is that the

disallowed portion of claimed cost of goods sold was either not

properly substantiated or amounts paid in 1991, a year not before

us.  Since in the notice of deficiency respondent allowed a

portion of the claimed cost of goods sold, in effect she

determined that the claim was for cost of goods sold to be

subtracted from gross receipts.

Also, our reading of the relevant cases on the issue of

omission from gross income indicates that the determination of

whether to treat an item as a deduction or an omission from

income item is governed by whether the amount is disallowed as

improperly claimed cost of goods sold or an improperly claimed

deduction.  In both LaBelle v. Commissioner, supra, and Lawson v.

Commissioner, supra, we determined that items claimed as cost of

goods sold had been disallowed as such thereby causing an

omission from gross income.  It was because the disallowance

increased the reported gross income that we held that the

disallowance resulted in an omission from gross income.  In Lilly

v. Internal Revenue Service, supra, the Court of Appeals stated:

> historically and presently, the * * * [cost of goods
> sold] has been taken into account in computing business
> gross income. * * * The regulations under * * * the

predecessor of * * * [section 61] provided that: "In the case of a manufacturing, merchandising, or mining business, 'gross income' means the total sales, less cost of goods sold, plus any income from investments and from incidental income or outside operations." * * * Currently, I.R.C. section 61(a)(2) includes gross income from business as part of gross income, and the regulations thereunder still contain the language quoted above from the 1939 version of the I.R.C. See Treas. Reg. sec. 1.61-3 (1994). Because the [cost of goods sold] is subtracted from total sales in arriving at gross income, it follows that a taxpayer's overstatement of the [cost of goods sold] <u>on his income-tax return</u> is an item omitted from gross income. [<u>Lilly v. Internal Revenue Service</u>; <u>supra</u> at 572; emphasis added.]

We regard this statement by the Fourth Circuit as consistent with our conclusion that if items shown as cost of goods sold on a taxpayer's return are disallowed, absent an explanation in the notice of deficiency to the contrary, the disallowance results in an omission from gross income. We conclude that this case is not distinguishable from prior cases involving a disallowance of claimed cost of goods sold subtracted from gross receipts to arrive at gross income.

Petitioner contends that she is also entitled to relief under section 6013(e) with respect to the Schedule C deductions disallowed by respondent. We disagree with petitioner. A deduction having no basis in fact or in law is a deduction that is frivolous, fraudulent, or phony. <u>Douglas v. Commissioner</u>, 86 T.C. 758, 763 (1986). It is clear that Mr. Velinsky was in the business of band management and had business deductions during the year in issue, but, as in <u>Douglas v. Commissioner</u>, <u>supra</u>, the

amounts disallowed by respondent were disallowed for lack of substantiation.  As we stated in that case, "because petitioner was unable to substantiate her husband's claimed deductions does not mean the deductions had no basis in fact or law."  Douglas v. Commissioner, supra at 763.  We hold that petitioner is not entitled to innocent spouse relief with respect to the disallowed deductions.

Petitioner next contends that some of the deductions for Mr. Velinsky's band management business are proper and were properly substantiated.  Respondent's position is that petitioner has not produced sufficient evidence to substantiate the claimed deductions in amounts in excess of those allowed by respondent or conceded by respondent at trial.

The parties have stipulated into the record copies of documents kept by Mr. Velinsky.  However, since Mr. Velinsky was deceased at the time of the trial of this case, we do not have his testimony as to the validity of the deductions.  Petitioner and Mr. Velinsky's return preparer, Mr. Paquette, testified with respect to the claimed deductions.

Rev. Proc. 89-66, 1989-2 C.B. 792,[4] provides optional mileage rates for employers and self-employed individuals. Section 162 allows as a deduction ordinary and necessary expenses

---

[4]  Since petitioner is allowed a greater deduction using the standard mileage rate deduction, petitioner is not allowed a depreciation deduction.  See Rev. Proc. 74-23, 1974-2 C.B. 476.

paid or incurred during the taxable year in carrying on a trade or business. A self-employed individual may deduct the cost of operating a passenger automobile to the extent that it is used in a trade or business. Rev. Proc. 89-66, supra, states that although section 274(d) provides that no deduction shall be allowed under section 162 with respect to any listed property (which includes a passenger automobile) unless the taxpayer complies with the substantiation requirement of that section, the section also provides that regulations may prescribe that some or all of the substantiation requirements do not apply to an expense that does not exceed an amount prescribed by such regulations. The Revenue Procedure then states that section 1.274-5T(g), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46030 (Nov. 6, 1985), in part, grants the Commissioner the authority to prescribe rules under which such allowances, if in accordance with reasonable business practices, will be regarded as substantiation in accordance with section 274(d).

Petitioner offered as evidence numerous repair billings for the 1984 Ford Thunderbird driven by Mr. Velinsky. Petitioner deducted $9,569 on Schedule C for car and truck expenses and $1,293 for depreciation. On the Form 4562 attached to petitioner's return, petitioner indicated that the automobile was used 96 percent for business purposes. To substantiate the gasoline, lube and oil expenses of $1,560, petitioner offered as evidence copies of her husband's credit card statements for the

year at issue.  Amounts charged for gasoline and related items totaled $835.20, though it is unclear whether these amounts correspond to Mr. Velinsky's use of the Ford Thunderbird for business use.  To substantiate the repairs expense of $2,100, petitioner offered into evidence repair bills totaling $87.70, accompanied by a money order for $876, and canceled checks for automobile repair services in the amount of $1,559.83.  However, it is unclear from these documents whether the repair expenses were for the Ford Thunderbird, or which canceled checks correspond to which repair bills.  Petitioner testified that Mr. Velinsky often used the Ford Thunderbird for travel purposes in his band management business, particularly for driving his bands to their performances and for watching other bands perform, though petitioner was unsure of the actual miles driven by Mr. Velinsky for business.  Mr. Paquette testified that Mr. Velinsky had informed him that he had taken eight long-distance trips during 1990 for business purposes.  The parties stipulated to a statement given by Mr. Velinsky to the IRS which confirmed this fact and from which we made a finding.  The miles which Mr. Velinsky drove on these trips would approximate 7,000.  The record shows that most of Mr. Velinsky's driving was local and included driving his bands to their performances or to watch performances of other bands, rather than driving from one city to another.  We are convinced that Mr. Velinsky used the Ford Thunderbird in his business, although petitioner has not shown

that this automobile was used 96 percent for business. Based on the limited testimony, and the receipts offered into evidence, we find that petitioner has substantiated that Mr. Velinsky drove his automobile at least 23,000 miles for business purposes in 1990. Therefore, based on the 26 cents-a-mile rate allowable in lieu of actual expenses in 1990, Rev. Proc. 89-66, supra, petitioner is entitled to deduct $5,980 of the $9,569 of automobile expenses claimed in 1990.

Petitioner and Mr. Velinsky also deducted $4,800 in rent for use by Mr. Velinsky of a home office. Section 280A(a) provides the general rule that no deduction is allowed for the business use of a dwelling unit which is used by the taxpayer as a residence. Section 280A(c)(1)(A) provides, however, that the general rule will not apply as long as a portion of a taxpayer's residence is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer. See Commissioner v. Soliman, 506 U.S. 168 (1993).

Under the facts of this case, it is clear that Mr. Velinsky's home office was not used exclusively for business. Petitioner testified that the home office was not used exclusively for Mr. Velinsky's business, and that she and Mr. Velinsky used the home office for other purposes. She testified that she used the home office to study and to read. It is well settled that a home office must be exclusively used for business in order for the expenses connected with its use to be

deductible.  Therefore, we sustain respondent's disallowance of the claimed deduction for home office expenses.

Petitioner and Mr. Velinsky deducted $2,471 in expenses for the year at issue which were claimed to be for utilities applicable to the home office and for business use of the home telephone.  We deny any utility expense deductions relating to the home office for the reasons mentioned above.  Petitioner offered telephone bills and other substantiating documentation to show the actual business use of the telephone, primarily long distance calls.  Mr. Paquette explained to the auditor, and petitioner testified, that Mr. Velinsky used the telephone in his band management business.  Under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), we allow $30 per month for Mr. Velinsky's business telephone expenses for long distance calls.

Petitioner and Mr. Velinsky also deducted expenses for interest, legal and professional services, and admissions. Petitioner has offered no evidence to substantiate these deductions, and we hold that petitioner has not met her burden of proof with regard to these claimed deductions.

Section 274(d) states that a taxpayer is not allowed a deduction under section 162 for any travel or entertainment expense, unless the taxpayer has substantiation, in the form of adequate records or other sufficient corroborating evidence, showing:  (1) The amount of the expense; (2) the time and place of the travel or entertainment; (3) the business purpose of the

expense; and (4) the business relationship to the taxpayer of persons entertained.  The regulations make it clear that section 274(d) supersedes the doctrine of Cohan v. Commissioner, supra, and that a deduction for travel and entertainment must be supported by more than approximations or unsupported testimony of a taxpayer.  Sec. 1.274-5(a), Income Tax Regs.  Under section 274(d), every expenditure claimed as a deduction must be substantiated by the taxpayer by either adequate records or other sufficient evidence, and his or her failure to do so will cause such expenditures to be disallowed in full.  See Sanford v. Commissioner, 50 T.C. 823, 828-829 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Petitioner offered into evidence copies of several receipts from various restaurants, as well as tickets to sporting events and theaters.  Petitioner also offered into evidence various canceled checks to evidence travel expenses.  However, these items were not shown to be related to Mr. Velinsky's business, except by petitioner's testimony that she never saw her husband retain receipts for nonbusiness meals and entertainment, and that her husband often took business trips.  There was no record of the business purpose of the travel or claimed entertainment.  The record does not show the persons present at any meetings, and, in most cases, the time and place of the meetings or entertainment are not shown.  We, therefore (under section 274(d)) sustain

respondent's disallowance of the claimed deductions for travel and entertainment expenses.

Also at issue is whether petitioner is liable for the accuracy-related addition to tax under section 6662(a).  Under section 6662, a 20-percent addition to tax is imposed on the portion of the underpayment that is attributable to one or more of the following:  (1) Negligence or disregard of the rules or regulations; (2) substantial understatement of tax; (3) valuation overstatement; (4) overstatement of pension liabilities; and (5) estate or gift tax valuation understatements.  Respondent concedes that only negligence and substantial understatement of tax would have application to the facts in this case.

Negligence includes any careless, reckless, or intentional disregard of rules or regulations, any failure to make a reasonable attempt to comply with the provisions of the law, and any failure to exercise ordinary and reasonable care in the preparation of a tax return.  Neely v. Commissioner, 85 T.C. 934 (1985).

Based on the record, we find that petitioner has not met her burden of showing that she and Mr. Velinsky were not negligent in the preparation of their income tax return.  It is clear from the testimony of petitioner's return preparer that Mr. Velinsky's records were inadequate to determine proper deductions and expenses for the years at issue, and that he relied on the information furnished to him by Mr. Velinsky.  Petitioner's

return preparer testified that information revealed during the audit of the tax liability for 1990 would have changed his calculations as shown on the return. We therefore sustain respondent's determination of the accuracy-related penalty as to the entire deficiency for negligence or intentional disregard of rules and regulations. Therefore, we need not determine whether there is a substantial understatement of income tax. However, this fact will be shown when petitioner's tax liability is recomputed. If there is a substantial understatement of tax, that fact likewise supports respondent's determination of the accuracy-related penalty.

Decision will be entered

under Rule 155.