NANCY B. LABELLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
La Belle v. Commissioner
Docket No. 9773-79.
United States Tax Court
T.C. Memo 1986-602; 1986 Tax Ct. Memo LEXIS 1; 52 T.C.M. (CCH) 1256; T.C.M. (RIA) 86602; December 30, 1986. Theodore J. England, for the petitioner. Elaine T. Moriwaki, for the respondent. *2 WILBUR
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: This case is before us on remand from the United States Court of Appeals for the Ninth Circuit. In an unpublished order filed November 7, 1984, the Court of Appeals directed us to make further findings under section 6013(e) in light of the statutory changes enacted since the issuance of our original opinion (T.C. Memo. 1984-69). [1] We originally held that petitioner was not entitled to innocent spouse protection pursuant to section 6013(e). SUPPLEMENTAL FINDINGS OF FACT We were not directed to hold a further hearing and the record contains sufficient facts from which we can determine whether petitioner qualifies for relief under section 6013(e). We find the facts to be as set forth in our opinion filed in LaBelle v. Commissioner,T.C. Memo. 1984-69. It is necessary however, to make additional findings of fact from the record presented during the original trial herein. Petitioner did not participate in the operation of Mr. LaBelle's *3 automobile business, the income from which gave rise to the adjustments in question. Furthermore, petitioner had no knowledge of the day-to-day operations of her husband's business or of the circumstances surrounding the adjustments which are the basis for the deficiency in the instant case. While married, the LaBelles' standard of living was conservative; their household expenses were paid for by petitioner with her paycheck, plus $600 per month that Mr. LaBelle provided from which petitioner paid the mortgage, taxes, utilities and all other household expenses. Petitioner separated from her husband in early 1973 and did not realize any benefit from the omitted income that gave rise to the deficiency in the instant case. In March 1974, petitioner supplied Donald with her W-2 (Wage and Tax Statement) form from the Santa Paula School District showing a salary of $12,797, Federal taxes withheld of $1,998, and a list of deductions for 1973 so that he could file a return for 1973. In June 1974, petitioner and Donald executed a power of attorney (Department of the Treasury, Internal Revenue Service Form 2848) appointing Peter J. Celeste, Esq. as her attorney-in-fact with respect *4 to all Internal Revenue tax matters for the 1971, 1972 and 1973 tax years. At the time petitioner signed the power of attorney, she thought that the 1973 tax return had been filed. Petitioner did not separately file a tax return for 1973. A Federal income tax return, Form 1040, was filed for 1973 with the Ventura, California, office of the Internal Revenue Service on June 5, 1975. The return was signed by Donald and petitioner's signature was entered by Mr. Celeste pursuant to the 1974 power of attorney. The return did not contain a signature in the preparer's signature line. In August 1980, petitioner first became aware that the return had been filed late and without her signature. OPINION The issue for decision is whether petitioner qualifies for relief under section 6013(e). In our previous opinion, LaBelle v. Commissioner,T.C. Memo. 1984-69, we held that petitioner failed to satisfy one of the criteria set forth in section 6013(e)(1). Prior to the statutory changes brought about by the Tax Reform Act of 1984, section 6013(e)(1) provided that a spouse could be relieved of joint liability only if: (A) a joint return has been made under this section *5 for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return. In determining whether there was an omission from gross income for purposes of section 6013(e)(1)(A), section 6013(e)(2)(B) directed us to section 6501(e)(1)(A). Section 6501(e)(1)(A)(i) contains a special definition of gross income which effectively required us to disregard omissions from gross income resulting from an overstatement of the cost of goods sold. Because the deficiency in the instant case was largely due to an overstatement of cost of goods sold, we concluded that there was no omission from gross income for purposes of section 6013(e)(1)(A). We therefore reluctantly concluded that petitioner did not qualify for innocent spouse relief pursuant to section 6013(e). On appeal, the Ninth Circuit Court of Appeals directed us to make further findings under section 6013(e) in light of the statutory changes brought about by the Tax Reform Act of 1984. Section 6013(e)(1), as amended by the Tax Reform Act of 1984, Division A of the Deficit *6 Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 801-802, 1984-3 C.B. (Vol. 1) 2, 309-310, provides as follows: [2]
(e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES. -- (1) IN GENERAL. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. The taxpayer bears the burden of proving that all of the requirements of section 6013(e) have been met. Retana v. Commissioner,662 F.2d 220, 224 (4th Cir. 1981). *7 In light of our holding in our original opinion that petitioner filed a joint return for the year in question, we find that petitioner has satisfied section 6013(e)(1)(A).
Section 6013(e)(1)(B) provides that, in order to be relieved of liability, there must be a "substantial understatement of tax attributable to grossly erroneous items of one spouse." [3] Section 6013(e)(2) defines the term "grossly erroneous items" to mean, with respect to any spouse, "any item of gross income attributable to such spouse which is omitted from gross income." Based on the record as a whole, we are satisfied that Mr. LaBelle had exclusive control over the automobile business (Steve Love's Chrysler Plymouth), which was the source of the unreported income in the instant case. [4] Furthermore, section 6013(e)(1)(B) as amended by the Tax Reform Act of 1984, provides for innocent spouse relief in cases in which the tax liability results from a substantial understatement of tax that is attributable to grossly erroneous *8 items including any item of income that is omitted regardless of the basis for such omission. The fact that the deficiency in question arose from an overstatement of cost of goods sold is therefore not fatal to petitioner's bid for relief under section 6013 as it was under the innocent spouse provision as it existed prior to the Tax Reform Act of 1984. Accordingly, we conclude that because the income omitted was attributable to Mr. LaBelle and because we find that the omitted amount constitutes a "substantial understatement," petitioner has satisfied the requirements of section 6013(e)(1)(B). [5]
*9 Petitioner must next satisfy the third element of section 6013(e) which requires that the spouse seeking relief under this provision establish that "in signing the return he or she did not know, and had no reason to know that there was such substantial understatement." Section 6013(e)(1)(C). Petitioner did not participate in the operation of Mr. LaBelle's business, the income from which gave rise to the deficiency in the instant case. Furthermore, petitioner had no knowledge of the day-to-day operations of her former husband's business or of the circumstances surrounding the adjustments which form the basis for the deficiency in the instant case. In addition, petitioner's standard of living during the period in question did not increase in such a way that she would have been on notice that a substantial omission had occurred in 1973. In March 1974, petitioner supplied Mr. LaBelle with her W-2 (Wage and Tax Statement) form from the Santa Paula School District showing a salary of $12,797, Federal taxes withheld of $1,998, and a list of deductions so that he could file a return for 1973. In June 1974, petitioner and Mr. LaBelle executed a power of attorney (Department of the Treasury, *10 Internal Revenue Form 2848) appointing Peter J. Celeste, Esq. as her attorney-in-fact with respect to all Internal Revenue tax matters for the 1971, 1972 and 1973 tax years. A Federal income tax return, Form 1040, was filed for 1973 on June 5, 1975. The return was signed by Mr. LaBelle and petitioner's signature was entered by Mr. Celeste pursuant to the 1974 power of attorney. Petitioner was not aware that the 1973 return had been filed late and without her signature until August 1980. We conclude from our examination of the evidence presented that petitioner neither knew nor reasonably should have known of the substantial understatement of tax for the taxable year in issue. See Mysse v. Commissioner,57 T.C. 680, 698-699 (1972). Finally, we must decide whether it would be inequitable to hold petitioner liable for the deficiency in question. Section 6013(e)(1)(D). Although no longer a specific requirement of section 6013(e)(1), whether petitioner benefited from the substantial understatement of income is a factor to be considered in making this determination. See H. Rept. 98-432 (Part 2) 1501, 1502 (March 5, 1984). [6]
*11 We conclude, for the reasons that follow, that it would be inequitable to impose liability on petitioner. The term "inequitable" is defined in section 1.6013-5(b), Income Tax Regs., as follows: [7]
Whether it is inequitable to hold a person liable for the deficiency in tax * * * is to be determined on the basis of all the facts and circumstances. In making such a determination a factor to be considered is whether the person seeking relief significantly benefitted, directly or indirectly, from the items omitted from gross income. However, normal support is not a significant "benefit" for purposes of this determination. * * * [Emphasis added.] We do not believe that petitioner received any significant benefits from the substantial understatement on the LaBelle's 1973 tax return. During their marriage, the LaBelles' standard of living was conservative; their household expenses were paid for by petitioner with the paycheck *12 and the $600 per month that she received from Mr. LaBelle. Petitioner used these funds to pay the mortgage, taxes, utilities, and all other household expenses. Furthermore, petitioner separated from her husband in early 1973 and did not realize any benefit from the unreported income that gave rise to the deficiency in the instant case. We believe that any incidental benefit received by petitioner as a result of Mr. LaBelle's $600 monthly contribution to the household budget was in the nature of ordinary family support, which is not a sufficient basis to support a finding of significant benefit. Terzian v. Commissioner,72 T.C. 1164, 1172 (1979); Mysse v. Commissioner,supra at 698, 699. We do not believe that the incidental benefits enjoyed by petitioner are sufficient to make it equitable to impose liability in the instant case. We therefore conclude that petitioner has sustained her burden of proving herself entitled to the benefits afforded to an innocent spouse pursuant to section 6013(e). [8]
*13 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. The statutory changes brought about by the Tax Reform Act of 1984, with the regard to section 6013(e), were made applicable retroactively to pending cases where the decision is not final.↩
3. A "substantial understatement" is defined in sec. 6013(e)(3) as any "understatement" which exceeds $500. Sec. 6661(b)(2)(A) defines an "understatement" as the excess of the amount of tax required to be shown on the return for the taxable year over the amount of tax imposed which is actually shown on the return. ↩
4. In applying sec. 6013(e)(1)(B), community property laws are disregarded in determining to whom an income item is attributable. Section 6013(e)(5). ↩
5. We note that a small portion of the deficiency in the instant case was due to an overstatement in the deductions claimed for salary and wage expense and travel and entertainment expense on the LaBellas' 1973 tax return. Petitioner conceded both of these adjustments and therefore we do not need to determine she qualifies for innocent spouse treatment with regard to the portion of the deficiency attributable to these items.↩
6. Prior to its 1984 amendment, sec. 6013(e)(1)(C) specifically required that we make our determination as to whether it is inequitable to hold the "innocent spouse" liable for the deficiency by "taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income."↩
7. We note that sec. 1.6013-5(b), Income Tax Regs.↩, was promulgated prior to the effective date of sec. 424(a) of the Tax Reform Act of 1984, Pub. L. 99-369 98 Stat. 494, which removed the specific reference to a significant benefits determination.
8. We note that the provisions of sec. 6013(e)(4) do not apply to the extent the understatement is attributable to the omission of an item from gross income. See. 6013(e)(4)(E).↩