RAMON PORTILLO AND DOLORES PORTILLO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Portillo v. Commissioner
Docket No. 6011-68
United States Tax Court
T.C. Memo 1990-68; 1990 Tax Ct. Memo LEXIS 68; 58 T.C.M. (CCH) 1386; T.C.M. (RIA) 90068; February 13, 1990
David P. Leeper, for the petitioners. William R. Leighton and Lewis J. Hubbard, Jr., for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7443A(b) of the Code and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1984 in the amount of $ 8,473; an addition to tax under *70 section 6661 in the amount of $ 1,832; an addition to tax under section 6653(a)(1) in the amount of $ 423.65; and an addition to tax under section 6653(a)(2) in the amount of 50 percent of the interest due on the underpayment of $ 8,473 attributable to negligence. After concessions, the issues for decision are: 1) Whether petitioner Ramon Portillo received unreported income from his job as a painting subcontractor in the amount of $ 21,380 from Mike Navarro, a contractor; 2) whether petitioners overstated the Schedule C deduction for cost of goods sold; 3) whether petitioners are liable for additions to tax pursuant to sections 6653(a)(1), 6653(a)(2) and 6661; and 4) whether petitioner Dolores Portillo is entitled to "innocent spouse" relief pursuant to section 6013(e). The parties agree that any adjustments to the Schedule C insurance expense, self-employment tax and taxable social security benefits depend on the Court's decision with respect to the question of unreported income. Some of the facts were stipulated and are so found. Petitioners filed a joint Federal income tax return for the year in issue. Petitioners resided in El Paso, Texas at the time the petition herein was *71 filed. Ramon Portillo (hereinafter sometimes referred to as petitioner) is a self-employed painting subcontractor. Petitioner bids for contracts to paint both residential and commercial property. Petitioner provides his own supplies for his work, purchasing paint, brushes, thinner and other miscellaneous items for the current job on a weekly basis. Most of these supplies are purchased from the Hanley Paint store. Petitioner employs anywhere from two or three to more than a dozen painters each week in his business. Petitioner worked continuously in 1984 except for holidays and days when work was precluded by the weather. On his 1984 Federal income tax return, petitioner reported Schedule C gross receipts in the amount of $ 142,109. The sources of income and the amounts reported are as follows: Source
Reported Receipts
Mata Drywall Co.
$  1,804.00
Ruben Gomez-Leon, Inc.
15,984.05
Winston Homes, Inc.
95,447.88
National Realsearch Corp.
12,373.00
Paul Leeper
5,700.00
Mike Navarro
10,800.00
The statutory notice of deficiency reflects an adjustment showing that petitioners only received $ 570 from Paul Leeper in 1984 rather than *72 $ 5,700. The unreported income issue turns upon the total payments in 1984 by Mike Navarro, a contractor, to petitioner. Petitioner reported payments by check from Mr. Navarro in 1984 in the amount of $ 10,800. Petitioner now concedes that he received additional payments by check from Mr. Navarro in 1984 in the total amount of $ 13,925. Respondent contends that petitioner also received cash payments in 1984 from Mr. Navarro in the amount of $ 21,380. On Schedule C of his 1984 return, petitioner deducted $ 30,917 as the cost of goods sold. Respondent allowed a deduction of $ 23,455 for cost of goods sold and disallowed the balance of $ 7,462. Petitioner's threshold contention that respondent failed to make a "determination" in this case within the meaning of section 6212(a) and that the notice of deficiency is arbitrary and capricious is without merit. All that is required for a statutory notice of deficiency to be valid is that it "advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937). *73 We generally will not look behind a deficiency notice to examine respondent's procedures leading to his determination. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). The notice of deficiency need only specify the year and the amount of deficiency. Campbell v. Commissioner, 90 T.C. 110, 115 (1988). Moreover, respondent in the instant case relied upon information emanating from a third party as a basis for the determination. Petitioner's reliance on Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), is misplaced. In the Scar case, respondent issued a statutory notice of deficiency determining amounts owing with respect to a tax shelter with which the taxpayer had no connection. Under such circumstances, the Ninth Circuit concluded that the notice of deficiency was invalid in that no determination of tax deficiency had been made. The Scar case is clearly inapplicable here. In short, the record does not support petitioner's contentions that respondent failed to make a "determination" or that the statutory notice of deficiency was somehow arbitrary and capricious.
*74 Petitioner has the burden of showing that he is entitled to a deduction for costs of goods sold in excess of the amount allowed. Rule 142(a). Petitioner's only explanation for the difference between the amount of purchases claimed on his return and the amount substantiated is that the sales invoices from Hanley Paint (the supplier) for some weeks in 1984 were inexplicably lost by the supply store employee who purportedly retained petitioner's invoices until the end of the year as a favor to petitioner. Petitioner offered no corroborating evidence or witness to support this contention. We do not find his explanation credible. Petitioner requests that we estimate the cost of goods sold for those missing weeks by determining a pro rata weekly expense from those Hanley Paint invoices he presented in evidence. However, it appears from the record that there were some weeks in 1984 when petitioner did not work due to holidays or inclement weather. Moreover, even a comparison of the dates on petitioner's Hanley Paint invoices and his payroll records provides no basis for a reconstruction *75 of petitioner's business expenses since there are some weeks when petitioner purchased supplies yet had no reported payroll expenditures. Absent a greater correlation between the two sets of records, we find it just as likely that there were also some weeks when petitioner made payroll expenditures, and presumably worked, yet did not purchase additional supplies. On this record, we are unable to make any estimate of additional costs incurred based upon the application of the rule in Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Respondent is sustained on this issue. Respondent contends that petitioner failed to report income received as a painting subcontractor in 1984 from Mike Navarro, a contractor, in the amount of $ 24,505. Petitioner reported $ 10,800 received from Mr. Navarro in 1984. It appears that these payments were made by check. Petitioner now concedes that he received additional payments by check from Mr. Navarro in the amount of $ 3,125, or a total of $ 13,925. Respondent contends that petitioner received additional cash payments from Mr. Navarro in 1984 in the amount of $ 21,380, or total receipts from Mr. Navarro in the amount of $ 35,305 *76 ($ 13,925 plus $ 21,380). Petitioner contends that he prepared his returns from a gross receipts book he maintained and from information contained on 1099 forms. He testified, however, that the receipts book was stolen from his truck. Petitioner attributed his failure to report check payments from Mr. Navarro in 1984 (which purportedly were received for two jobs at different locations) as mere forgetfulness. It is stipulated that petitioner received a Form 1099 from Mr. Navarro for the year 1984 in the amount of $ 35,305. Mr. Navarro testified that in 1984 he made cash payments to petitioner as well as payments by check. Mr. Navarro further testified that the payments were made in cash at the request of petitioner. Petitioner did not maintain a bank account in 1984 and apparently conducted his business affairs in cash, i.e., payments for purchase of supplies as well as wages paid to his employees on a regular basis. Petitioners's contention that he received no cash payments from Mr. Navarro is singularly unpersuasive. We have considered the entire record and we find Mr. Navarro's testimony reliable and credible. We conclude that petitioner has failed to meet his burden *77 of proof on this issue. Respondent is therefore sustained. Section 6653(a)(1) imposes an addition to tax if any part of an underpayment is due to negligence or disregard of rules and regulations. Section 6653(a)(2) imposes an addition to tax in the amount of 50 percent of the interest due on the portion of an underpayment attributable to negligence. Petitioner has the burden of proof. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Rule 142(a). Petitioner overstated his cost of goods sold in a substantial amount. Petitioner did not fulfill his statutory obligation to maintain adequate books and records of his business expenditures. See section 6001. His purported reliance on the paint supplier to keep track of petitioner's sales invoices over the period of the entire year cannot satisfy even remotely the need for adequate records maintained by petitioner. Moreover, he failed to report business income from Mr. Navarro notwithstanding the fact that petitioner admittedly *78 received a Form 1099 from Mr. Navarro indicating payments in 1984 substantially in excess of the amount reported by petitioner on his return. Finally, petitioner failed to report check payments from Mr. Navarro representing work on two projects which petitioner inexplicably overlooked. Based upon the facts before us, we find petitioner liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2) for 1984, taking into consideration the agreed adjustments with respect to such taxable year. Respondent determined that petitioner is liable for an addition to tax under section 6661 for the taxable year 1984. Section 6661(a) provides for an addition to tax equal to 25 percent of an underpayment attributable to a substantial understatement of income tax for any taxable year. Section 6661(b)(1) defines a substantial understatement of income tax as an understatement which exceeds the greater of 10 percent of the tax required to be shown on the return for that year or $ 5,000. There is no persuasive evidence in the record with respect to the applicability of the mitigating provisions *79 of section 6661(b)(2)(B). Since the record clearly establishes that the understatement of tax for 1984 was in excess of $ 5,000, we must sustain respondent's determination that the addition to tax under section 6661 is applicable for the taxable year 1984. The final issue is whether petitioner Dolores Portillo qualifies as an "innocent spouse" under the provisions of section 6013(e). Sections 6013(d)(3) and 6662(a)(2) provide that if a husband and wife file a joint return for a taxable year, liability for the tax and additions to tax shall be joint and several. Section 6013(e), however, provides relief to an "innocent spouse" if all of the following conditions are met: 1) a joint return has been made; 2) the return shows a substantial understatement of tax attributable to grossly erroneous items of one spouse; 3) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, about the substantial understatement; and 4) under all the facts and circumstances, it would be inequitable to hold the other spouse liable for the deficiency attributable *80 to such substantial understatement. Section 6013(e)(1)(A) through (D). A substantial understatement means any understatement which exceeds $ 500. Sec. 6013(e)(3). The parties have stipulated that the first condition has been met. With respect to the second condition, section 6013(e)(2) provides that a "grossly erroneous item" means: 1) any item of gross income omitted from gross income, and 2) any claim of a deduction, credit or basis for which there is no basis in fact or law. We have found above that petitioner-husband omitted substantial items from his gross income in 1984. Omitted income constitutes a grossly erroneous item per se, regardless of any lack of basis in fact or law for its omission. Deductions, however, must have been claimed without any basis in fact or law in order to be grossly erroneous. A deduction has no basis in fact when the expense for which the deduction is claimed was never, in fact, made and has no basis in law when the expense, even if made, does not qualify as a deductible expense under well settled legal principles or when no substantial legal argument *81 can be made to support its deductibility. Such deductions can be referred to as frivolous, fraudulent, or phony. Douglas v. Commissioner, 86 T.C. 758, 762-763 (1986), affd. without published opinion (10th Cir. 1989). Petitioner Dolores Portillo may not rely on the disallowance or the failure to substantiate the deductions alone to prove a lack of basis in fact or law. Douglas v. Commissioner, supra at 763. Accordingly, we hold that petitioner Dolores Portillo has failed to prove that the disallowed cost of goods sold deductions attributable to her husband are grossly erroneous items with the meaning of section 6013(e)(2)(B). With respect to the omitted items of income, which we have found to be a grossly erroneous item, petitioner Dolores Portillo must show pursuant to section 6013(e)(1)(C) that she did not have actual knowledge of the understatement of tax and that the understatement was not of such character that a reasonably prudent person, considering her experience and temperament, would have known of the understatement. See Sanders v. United States, 509 F.2d 162 (5th Cir. 1975). Mrs. Portillo neither speaks nor *82 reads English. She had a very rudimentary education. She has never worked outside her home and took no part in her husband's business affairs or bookkeeping. She executed the 1984 tax return at the request of her husband without comprehending the nature of its contents. Mrs. Portillo paid household bills with the cash given to her by her husband. There is no evidence of unusual or lavish expenditures or any marked increase in the general standard of living of the Portillo family. We find on these facts that the third condition required by the statute has been met. Finally, Mrs. Portillo must show that it would be inequitable to hold her liable for the tax liability to the extent attributable to the substantial understatement. See section 6013(e)(1)(D). We find that she has met this condition as well. Mrs. Portillo did not benefit from her husband's substantial understatement of tax. She and her husband did not lead a lavish or unusual life-style. Nor did she acquire any extravagant gifts during this period. Normal familial support does not constitute a significant benefit for purposes *83 of making the determination under section 6013(e)(1)(D). Terzian v. Commissioner, 72 T.C. 1164, 1172 (1979). We find, under these facts and circumstances, that it would be inequitable to hold petitioner Dolores Portillo liable. We therefore conclude that, with respect to the omitted item of income, Mrs. Portillo is entitled to innocent spouse relief. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩