In re Grace LILLY, Debtor.

Grace LILLY, Plaintiff–Appellee,

v.

INTERNAL REVENUE SERVICE, Defendant–Appellant.

In re Grace LILLY, Debtor.

Grace LILLY, Plaintiff–Appellant,

v.

INTERNAL REVENUE SERVICE, Defendant–Appellee.

Nos. 95–1238, 95–1696.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1995.

Decided Feb. 20, 1996.

---

Washington, DC, for Appellant. C. Page Hamrick, III, Charleston, West Virginia, for Appellee. **ON BRIEF:** Loretta C. Argrett, Assistant Attorney General, Rebecca E. Betts, United States Attorney, Gary R. Allen, David English Carmack, Tax Division, United States Department of Justice, Washington, DC, for Appellant.

Before HAMILTON, WILLIAMS and MOTZ, Circuit Judges.

Affirmed by published opinion. Judge HAMILTON wrote the opinion, in which Judge WILLIAMS and Judge MOTZ joined.

## OPINION

HAMILTON, Circuit Judge:

The Internal Revenue Service (IRS) appeals the district court's decision affirming the bankruptcy court's decision in favor of the debtor, Grace Lilly. Grace Lilly cross-appeals the district court's denial of her motion for attorney's fees as the prevailing party. The IRS's appeal presents the question of whether a taxpayer's overstatement of the cost of goods sold (COGS) is an item "omitted from gross income" under 26 U.S.C.A. (I.R.C.) § 6013(e)(2)(A) (West Supp.1995), or "a deduction, credit, or basis" under I.R.C. § 6013(e)(2)(B). Concluding an overstatement of the COGS is an item "omitted from gross income" under I.R.C. § 6013(e)(2)(A), we affirm the district court's decision upholding the bankruptcy court's decision in favor of Grace Lilly. We also affirm the district court's denial of Grace Lilly's motion for attorney's fees.

### I.

Grace Lilly filed a joint federal income-tax return with her husband Robert Lilly for the year 1982. On Schedule C of the joint return, Robert Lilly reported gross receipts of $93,082.41 and gross profits of $17,137.38 from his construction business, which he operated as a sole proprietor. In addition to claiming $17,137.38 in gross profits, Robert Lilly claimed $2,221.94 in rental and interest income. Thus, he claimed $19,359.32 in total income from his construction business. In

**ARGUED:** Curtis Clarence Pett, Tax Division, United States Department of Justice,

computing his gross profits at $17,137.38, Robert Lilly subtracted $75,945.03 for the COGS from his gross receipts of $93,082.41. Calculating his expenses at $28,799.62, Robert Lilly claimed a net loss from his construction business of $9,440.30.

Subsequently, the IRS audited the Lillys' 1982 joint tax return and requested that the Lillys supply supporting documentation for their claim as to the COGS and for a significant portion of the expenses. The documentation not forthcoming, the IRS disallowed the amounts claimed and issued a notice of deficiency in the amount of $33,581.94. The Lillys did not petition the IRS for a redetermination of their tax liability.

Subsequently, Grace Lilly filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of West Virginia, see 11 U.S.C.A. §§ 1301 et seq. (West 1993 & Supp.1995). In the bankruptcy action, Grace Lilly commenced an adversary proceeding against the IRS, see 11 U.S.C.A. § 505 (West 1993), claiming relief from joint liability on the 1982 tax deficiency on the ground that she met the requirements for innocent spouse relief under I.R.C. § 6013(e). A spouse seeking innocent spouse relief under I.R.C. § 6013(e) must establish: (1) he or she filed a joint return with his or her spouse; (2) there was a substantial understatement of tax on that return attributable to a grossly erroneous item of the other spouse; (3) in signing the return, the spouse did not know and had no reason to know of the substantial understatement; and (4) it would be inequitable to hold the spouse liable for the tax deficiency attributable to such understatement.

The IRS moved for summary judgment in the adversary proceeding, contending Grace Lilly did not meet all the requirements for innocent spouse relief under I.R.C. § 6013(e) as a matter of law. According to the IRS, Grace Lilly had failed to produce any evidence tending to show that the overstatement of the COGS claimed was without any basis in fact or law, as is required with respect to understatements in tax stemming from claims of deduction, credit, or basis under I.R.C. § 6013(e)(2)(B). Conversely, Grace Lilly maintained that an overstatement of the COGS is not a deduction, credit, or basis, but rather constitutes an item "omitted from gross income" under I.R.C. § 6013(e)(2)(A) that is a "grossly erroneous" item as a matter of law; therefore, she did not have to produce evidence tending to show that the overstatement in the COGS was without any basis in fact or law.

The bankruptcy court granted summary judgment in favor of the IRS with respect to the disallowance of all the amounts claimed except the overstatement of the COGS, concluding that the overstatement of the COGS was an item omitted from gross income. In reaching this conclusion, the bankruptcy court followed decisions of the United States Tax Court holding that an overstatement of the COGS is an item omitted from gross income rather than a deduction, credit, or basis, see Lawson v. Commissioner, 67 T.C.M. 3121(CCH), 1994 WL 273946 (1994); LaBelle v. Commissioner, 52 T.C.M. 1256(CCH), 1986 WL 21814 (1986). Accordingly, Grace Lilly was relieved of the burden of showing that there was no basis in fact or law for the overstatement of the COGS. After a trial to determine whether Grace Lilly satisfied the other requirements for innocent spouse relief with respect to the disallowance of the claimed COGS, the bankruptcy court entered judgment in her favor.

Continuing to assert that an overstatement of the COGS is a deduction, credit, or basis, the IRS appealed to the district court, which affirmed, likewise holding that an overstatement of the COGS is an item omitted from gross income under I.R.C. § 6013(e)(2)(A). Prevailing on the merits of her action, Grace Lilly sought attorney's fees from the IRS as the prevailing party in the district court, see I.R.C. § 7430. The district court denied her motion for attorney's fees because she failed to exhaust her administrative remedies within the IRS as required by I.R.C. § 7430(b)(1).

Maintaining the position it unsuccessfully asserted in the bankruptcy court and the district court, the IRS appeals urging us to hold that an overstatement of the COGS is a deduction, credit, or basis under I.R.C. § 6013(e)(2)(B), requiring a showing of no basis in fact or law, rather than an omitted

item of gross income under I.R.C. § 6013(e)(2)(A) that is automatically considered "grossly erroneous." Grace Lilly cross-appeals the denial of her motion for attorney's fees on the ground that exhaustion of administrative remedies is not required when such action would be futile.

## II.

Generally, in the case of a married couple filing a joint income-tax return, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." I.R.C. § 6013(d)(3). However, relief from the burden of joint and several liability is afforded an innocent spouse under I.R.C. § 6013(e), which provides in pertinent part:

(1) *In General.*—Under regulations prescribed by the Secretary, if—

(A) a joint return has been made under this section for a taxable year,

(B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,

(C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and

(D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. I.R.C. § 6013(e). The IRS only disputes whether Grace Lilly satisfied subsection (B). Grace Lilly, of course, maintains that she satisfied subsection (B). To resolve this is-

sue, we must determine whether the tax deficiency was due to (1) a substantial understatement of tax that is (2) attributable to the grossly erroneous items of the other spouse.

I.R.C. § 6013(e)(3) defines "substantial understatement" for purposes of I.R.C. § 6013(e) as "any understatement ... which exceeds $500." Here, the record supports the parties' concession that the understatement of tax due to the overstatement in the COGS exceeds $500. Therefore, the tax deficiency in this case qualifies as a substantial understatement of tax.

■ I.R.C. § 6013(e)(2) defines "grossly erroneous items" for purposes of I.R.C. § 6013(e) as "(A) any item of gross income attributable to such spouse which is omitted from gross income, and (B) any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law." Therefore, if an item of gross income is attributable to the other spouse and omitted from gross income, it is "grossly erroneous" as a matter of law. *See* I.R.C. § 6013(e)(2)(A). But, if an item is a deduction, credit, or basis claimed by the spouse, that item is not "grossly erroneous" unless the claimed deduction, credit, or basis has no basis in law or fact. *See* I.R.C. § 6013(e)(2)(B). Accordingly, resolution of the IRS's appeal turns on whether an overstatement in the COGS falls within I.R.C. § 6013(e)(2)(A) or § 6013(e)(2)(B).

■ To determine whether the overstatement of the COGS is an item omitted from gross income under I.R.C. § 6013(e)(1)(A) or whether it is a deduction, credit, or basis under I.R.C. § 6013(e)(1)(B), we look to the definition of "gross income" in I.R.C. § 61. *See Robinson v. Shell Oil, Co.*, 70 F.3d 325, 328 (4th Cir.1995) (*en banc*) ("If a statute defines a term in its definitional section, then that definition controls the meaning of the term wherever it appears in the statute.").*

---

* Prior to its amendment in 1984, I.R.C. § 6013(e) contained a cross-reference to a special restrictive definition of gross income under I.R.C. § 6501(e)(1)(A). In I.R.C. § 6501(e)(1)(A), Congress defined "gross income" in pertinent part to mean "the total of the amounts received or accrued from the sale of goods or services [ ] prior to diminution by the cost of sales or services." This special restrictive definition of "gross income" is limited to interpretations of I.R.C. § 6501(e) and is not intended to be applied outside of that section unless the I.R.C. otherwise provides. *See Northern Ind. Pub. Serv. Co. & Subsidiaries v. Commissioner,* 101 T.C. 294, 299

The general definition of "gross income" in the I.R.C. provides: "Except as otherwise provided in this subtitle, gross income means all income from whatever source derived...." I.R.C. § 61. Fully recognizing the sweeping scope of this definition and Congress' intention that it be all-inclusive, the Supreme Court has long held that when courts are called upon to interpret or apply the definition of gross income in I.R.C. § 61, they must do so broadly. *See Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429–30, 432, 75 S.Ct. 473, 475–76, 99 L.Ed. 483 (1955); *see also Taggi v. United States*, 35 F.3d 93, 95 (2d Cir.1994); *Ireland v. United States*, 621 F.2d 731, 734 (5th Cir.1980). Applying the broad definition of gross income contained in I.R.C. § 61 here, we conclude that an overstatement of the COGS constitutes an omission from gross income falling within I.R.C. § 6013(e)(2)(A).

First, historically and presently, the COGS has been taken into account in computing business gross income. *See Lawson*, 67 T.C.M. (CCH) at 3121–3. The regulations under I.R.C. § 22 (1939) (the predecessor of I.R.C. § 61 (1954)), provided that: "In the case of a manufacturing, merchandising, or mining business, 'gross income' means the total sales, less cost of goods sold, plus any income from investments and from incidental income or outside operations." Treas. Reg. § 29.22(a)–5 (1943). Currently, I.R.C. § 61(a)(2) includes gross income from business as part of gross income, and the regulations thereunder still contain the language quoted above from the 1939 version of the I.R.C. *See* Treas. Reg. § 1.61–3 (1994). Because the COGS is subtracted from total sales in arriving at gross income, it follows that a taxpayer's overstatement of the COGS on his income-tax return is an item omitted from gross income.

■ Second, an overstatement of the COGS is not a deduction, credit, or basis as those terms are traditionally understood.

The COGS is subtracted from total sales in arriving at a taxpayer's gross income. *See Metra Chem. Corp. v. Commissioner*, 88 T.C. 654, 661, 1987 WL 49292 (1987) (citing Treas. Reg. § 1.61–3(a)). Thus, such costs cannot logically be treated as deductions from gross income. *Id.* Likewise, the COGS is not a credit. Throughout the I.R.C., the term "credit" refers to a "credit against tax." *See, e.g.*, I.R.C. § 22 (1954), *Credit for the elderly and the permanently disabled and totally disabled* ("In the case of a qualified individual, there shall be allowed as a *credit against the tax* imposed by this chapter for the taxable year an amount equal to 15 percent of such individual's section 22 amount for such taxable year.") (emphasis added). A credit against tax is applied after the taxpayer's gross income is determined, *see, e.g.*, I.R.C. § 22(d), and is unrelated to the COGS concept. Finally, the COGS does not fall within the term "basis." Under the I.R.C., the term "basis" refers to a taxpayer's capital stake in property and "is used to determine the gain or loss on the sale or exchange of property and the amount of depreciation allowances." *Lawson*, 67 T.C.M. (CCH) at 3121–5 (1994). As the Tax Court recently stated, basis has the same meaning in I.R.C. § 6013(e)(2)(B) as it has in I.R.C. §§ 1011–1023. *Id.* The COGS, on the other hand, "is an inventory accounting concept, and may vary from taxpayer to taxpayer depending upon the taxpayer's method of valuing inventory." *Id.*

While no other federal appellate court has addressed whether the COGS is an item omitted from gross income within the purview of I.R.C. § 6013(e)(2)(A), or a deduction, credit, or basis under I.R.C. § 6013(e)(2)(B), we recognize that we are not alone in the conclusion that we now reach. The Tax Court has considered the issue three times, with two reasoned opinions supporting the conclusion that we reach, *see Lawson v. Commissioner*, 67 T.C.M. 3121 (CCH), 1994

n. 7, 1993 WL 393062 (1993). As part of the Tax Reform Act of 1984, Congress amended I.R.C. § 6013(e) to delete retroactively the cross-reference to the special definition of "gross income." *See* Tax Reform Act of 1984, Pub.L. No. 98–369, § 424(a), 98 Stat. 801–02 (1984). The parties agree that the amended version of I.R.C.

§ 6013(e) applies here because no final decision respecting the Lillys' 1982 tax return had been rendered as of July 18, 1984, the date of the amendment's enactment. *See* Tax Reform Act of 1984, § 424(c). Accordingly, the restrictive definition of "gross income" in I.R.C. § 6501(e) is not controlling.

WL 273946 (1994); *LaBelle v. Commissioner,* 52 T.C.M. 1256(CCH), 1986 WL 21814 (1986), and one conclusory opinion supporting the position taken by the IRS, *see Portillo v. Commissioner,* 58 T.C.M. 1386(CCH), 1990 WL 11100 (1990), *aff'd in part on other grounds and rev'd in part on other grounds,* 932 F.2d 1128 (5th Cir.1991). In both *Lawson* and *LaBelle,* the Tax Court held that an overstatement of the COGS constitutes an item omitted from gross income within the purview of I.R.C. § 6013(e)(2)(A), rather than a deduction, credit, or basis under I.R.C. § 6013(e)(2)(B). The reasoning of those decisions is parallel to our reasoning here. In *Portillo,* the Tax Court adopted *in toto* the opinion of a special trial judge that assumed that an overstatement of the COGS was not an item of gross income, but rather was a deduction under I.R.C. § 6013(e)(2)(B). We find this opinion unpersuasive, because it did not address the Tax Court's existing holding in *LaBelle* to the contrary nor did it supply any reasoning for its holding.

Having concluded that an overstatement of the COGS constitutes an item omitted from gross income under I.R.C. § 6013(e)(2)(A), we hold the overstatement in the COGS on the Lillys' joint return was grossly erroneous as a matter of law. In sum, we hold that the tax deficiency resulting from the overstatement in the COGS was due to a substantial understatement of tax attributable to the grossly erroneous item of Robert Lilly. We, therefore, affirm the district court's decision upholding the bankruptcy court's decision granting Grace Lilly innocent spouse relief.

### III.

■ Grace Lilly contends the district court erroneously denied her motion for attorney's fees under I.R.C. § 7430(a). We disagree.

While a prevailing party can generally recover reasonable litigation costs related to his or her litigation with the IRS, *see* I.R.C. § 7430(a), such recovery is expressly prohibited if the prevailing party has not exhausted all of her administrative remedies within the IRS, *see* I.R.C. § 7340(b)(1). Here, Grace Lilly concedes that she failed to exhaust those remedies. Her only argument in favor

of her cross-appeal is that she was excused from the statute's exhaustion requirement because, in her opinion, such an exercise would have been futile. Grace Lilly's argument completely fails; the language of the statute is dispositive.

■ I.R.C. § 7430(b)(1) provides:

A judgment for reasonable litigation costs shall not be awarded under subsection (a) in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service.

The language of this statute plainly and unambiguously states that a prevailing party such as Grace Lilly cannot obtain a judgment for reasonable litigation costs unless that party has first exhausted her administrative remedies within the IRS. Nowhere in this statute does Congress provide an exception to this exhaustion requirement. Given our duty to apply plain and unambiguous statutory language as written, *see Robinson,* 70 F.3d at 329, we uphold the district court's denial of Grace Lilly's motion for attorney's fees based on her failure to exhaust her administrative remedies within the IRS, *see Grewe v. United States,* 4 F.3d 299, 306 (4th Cir.1993) (reversing award of attorney's fees in favor of taxpayer who failed to exhaust administrative remedies and instead immediately challenged the IRS's assessment of a deficiency in bankruptcy court), *cert. denied,* —— U.S. ——, 114 S.Ct. 1056, 127 L.Ed.2d 377 (1994); *Kenlin Indus. v. United States,* 927 F.2d 782, 789 (4th Cir.1991)(stating the "failure [to exhaust administrative remedies] is conclusive against an award of attorney's fees" under I.R.C. § 7430).

### IV.

In conclusion, we hold that an overstatement of the COGS is an item "omitted from gross income" under I.R.C. § 6013(e)(2)(A) rather than a "deduction, credit, or basis" under I.R.C. § 6013(e)(2)(B). Accordingly, we affirm the district court's affirmance of the bankruptcy court's judgment in favor of Grace Lilly. Finally, we hold the district court properly denied Grace Lilly's motion

**574**

for attorney's fees under I.R.C. § 7430 because she failed to exhaust her administrative remedies.

*AFFIRMED.*