**F I L E D**

**UNITED STATES COURT OF APPEALS**

October 12, 2006

**TENTH CIRCUIT**

PEOPLE'S SOURCE
INTERNATIONAL, LLC; WILLIAM
MEGNEYS; ANNETTE MEGNEYS,

　　　　Plaintiffs - Appellants,

　　v.

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE;
LINDA FARMER; ANGELA RIZOR,

　　　　Defendants - Appellees.

No. 06-1116
(D. Colorado)
(D.C. No. 05-CV-1935-PSF-MJW)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

People's Source International, LLC, William Megneys, and Annette

Megneys (Taxpayers) appeal the district court's denial of their motion for

attorney fees incurred in bringing an action against the Internal Revenue Service

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(IRS).  We hold that their claim for fees must be denied because they did not exhaust their administrative remedies with the IRS.  Therefore, we affirm the district court.

## BACKGROUND

The IRS issued a letter (commonly referred to as a bypass letter) to Taxpayers on September 28, 2005, informing them that the IRS would be contacting them directly regarding their tax obligations because their attorney had failed to respond to repeated requests for information and meetings.  On October 4, 2005, Taxpayers faxed to IRS Group Manager Linda Farmer and Revenue Officer Angela Rizor a letter objecting to this direct communication and stating that Taxpayers would file suit unless the bypass letter was retracted by 4:00 p.m. that day.  The next day they filed a complaint in the United States District Court for the District of Colorado seeking a temporary restraining order and a permanent injunction to prevent the IRS from contacting them directly.  The district court dismissed the complaint without prejudice for failure to state a claim because Taxpayers had not stated a basis for the court's jurisdiction.  Taxpayers on October 19, 2005, filed an amended complaint against the United States, the IRS, the IRS Commissioner, Ms. Farmer, and Ms. Rizor, seeking injunctive relief and up to $1 million in damages allegedly caused by the bypass letter.

On December 15, 2005, the IRS informed Taxpayers that it had determined it to be in the best interests of the agency to withdraw the bypass letter.  At the

scheduling conference before the magistrate judge on December 19, 2005,

Taxpayers' counsel agreed to withdraw the complaint for damages and the motion

for injunctive relief. The only issue remaining was Taxpayers' claim that 26

U.S.C. § 7430 entitled them to attorney fees.

Taxpayers filed a motion for attorney fees (titled "Motion for Costs,

Determination or Settlement; or Rejection of Settlement") on January 3, 2006.

On February 12, 2006, they filed a motion to reinstate their claims except for the

damage claim (thereby leaving only the claim for injunctive relief), stating that if

the case had not been settled, it should proceed. The magistrate judge denied this

motion, finding that all issues other than attorney fees had been settled at the

scheduling conference. On February 24 the magistrate judge issued a

recommendation that Taxpayers' motion for attorney fees be denied. The district

court adopted the recommendation.

## DISCUSSION

### A.    Statutory Right to Attorney Fees

Under the Internal Revenue Code a court may award a "prevailing party"

its "reasonable litigation costs" incurred in connection with an administrative or

court proceeding relating to its tax obligations. 26 U.S.C. § 7430(a)(1). The

statute sets several limitations on a party's right to recover litigation expenses. In

particular, "[a] judgment for reasonable litigation costs shall not be awarded . . .

in any court proceeding unless the court determines that the prevailing party has

exhausted the administrative remedies available to such party within the Internal Revenue Service." *Id.* § 7430(b)(1). A party qualifies as a prevailing party only if (1) it substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented and (2) the IRS's litigation position was not substantially justified. *See id.* § 7430(c)(4)(A), (B).

**B.  Application to This Case**

On appeal Taxpayers raise four issues, all related to their attorney-fee claim. They assert that the case is not moot, their motion to reinstate claims (seeking injunctive relief) should have been granted, the district court should have then granted injunctive relief, and they exhausted their administrative remedies. We review for abuse of discretion a district court's denial of attorney fees under § 7430. *See Pate v. United States*, 982 F.2d 457, 459 (10th Cir. 1993).

We agree with Taxpayers that the case is not moot; the IRS does not argue otherwise. "A case is moot [only] when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks omitted). Taxpayers have an ongoing interest in recovering attorney fees.

As for Taxpayers' substantive issues, they argue that their motion to reinstate claims should have been granted and urge us to rule that the district court should have granted injunctive relief against the IRS. Presumably they are

seeking this relief because they must be prevailing parties to recover litigation expenses.

But we need not address these arguments, because even if Taxpayers were prevailing parties, their attorney-fee claim is barred by their failure to exhaust their administrative remedies. *See* § 7430(b)(1); *Kenlin Indus., Inc. v. United States*, 927 F.2d 782, 786 (4th Cir. 1991) ("The initial or threshold requirement imposed on a taxpayer asserting a claim under Section 7430 is the exhaustion of administrative remedies before suit."). The Treasury Regulations implementing § 7430 detail when a taxpayer will be deemed to have exhausted its administrative remedies. In a dispute over the assessment, collection, or refund of any tax, administrative remedies are exhausted once the taxpayer participates in an Appeals office conference. *See* Treas. Reg. § 301.7430-1(b) (as amended in 2003). To exhaust administrative remedies when contesting revocation of tax-exempt status, the taxpayer must comply with the requirements of 26 U.S.C. § 7428(b). *See id*. § 301.7430-1(c) (as amended in 2003). In all other situations (including appeal of a bypass letter), § 301.7430-1(d) is the catch-all provision for exhaustion. It states:

> A party has not exhausted the administrative remedies available within the Internal Revenue Service with respect to a matter other than [one for which an Appeals office conference is available or one regarding revocation of tax-exempt status] unless, prior to filing an action in a court of the United States . . .
> > (I) The party submits to the district director of the district having jurisdiction over the dispute a written claim for relief

> reciting facts and circumstances sufficient to show the nature of the relief requested and that the party is entitled to such relief; and
> (ii) The district director has denied the claim for relief in writing or failed to act on the claim within a reasonable period after such claim is received by the district director.

*Id*. § 301. 7430-1(d) (as amended in 2003).

Taxpayers sent their letter to the wrong place and filed suit without allowing a reasonable period to respond. Their fax of October 4, 2005, went to Group Manager Linda Farmer and Revenue Officer Angela Rizor, not to the district director; and they filed suit the next day. When the government waives its sovereign immunity and consents to suit, as in 26 U.S.C. § 7430, those seeking to sue the government must strictly comply with the terms of the waiver. *See Lehman v. Nakshian*, 453 U.S. 156, 161 (1981); *Libutti v. United States*, 914 F.Supp. 804, 807-08 (N.D.N.Y. 1995). Accordingly, Taxpayers cannot recover under § 7430.

Taxpayers argue that there is no statutory provision for appealing a bypass letter. This argument is meritless. Taxpayers fail to explain why the Treasury Regulation does not provide an avenue for administrative review. They also argue, however, that because the damage would be done before the agency needed to respond, any appeal would have been futile. As evidence of futility they allege that they received no response to their appeal, appropriately sent to the district director, of a communication from the IRS that they characterize as a second

bypass letter. But the documents necessary to sustain this allegation were not included in the record below. In any event, the statute contains no futility exception to the exhaustion requirement. *See Lilly v. IRS (In re Lilly)*, 76 F.3d 568, 573 (4th Cir. 1996).

## <u>CONCLUSION</u>

The district court did not abuse its discretion in denying Taxpayers' motion for attorney fees. The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge